ANDERSON *v.* BREITENWISCHER AUTO CO.

GARNISHMENT—IN ABSENCE OF DEMAND FOR JURY TRIAL BY PLAINTIFF CASE STANDS ON DISCLOSURE.

Where, in garnishment proceedings, plaintiff made no demand for a jury trial, and the garnishee defendants' written disclosures absolutely denied liability to the principal defendants, and examination before the commissioner disclosed no liability owing by corporation garnishee and the individual garnishee claimed to have a defense to any claim under a chattel mortgage given to the principal defendants even though in the hands of one of the mortgagees, and that it was no longer held by such principal defendant, but was claimed by one not a party to the record, who was not brought in under 3 Comp. Laws 1915, § 13149, judgment was properly entered in favor of the garnishee defendants.

Error to Wayne; Moynihan (Joseph A.), J. Submitted June 12, 1928. (Docket No. 83, Calendar No. 33,788.) Decided October 1, 1928.

Garnishment proceedings by Margaret M. (Hoover) Anderson, administratrix of the estate of Leander J. Hoover, deceased, against the Breitenwischer Auto Company and another, principal defendants, and Willard J. Jones and another, garnishee defendants. Judgment for garnishee defendants. Plaintiff brings error. Affirmed.

*A. F. Freeman,* for appellant.

*Henry H. Roberts,* for appellees.

Fellows, J. We are here concerned only with the garnishment proceedings brought against Willard J. Jones and W. J. Jones Auto Company, a corporation. A disclosure denying any liability was filed on behalf of both defendants. On March 5, 1925, there was an examination of Mr. Jones before a circuit court commissioner by agreement made applicable to both garnishee defendants. It appeared from the testimony there given that before the corporation was organized, and in January, 1923, Mr. Jones purchased a garage business from the Breitenwischer Auto Company for $10,000, paying $1,500 in cash and giving back a chattel mortgage for $8,500; on this chattel mortgage he paid $1,600, but made no further payments after July, 1923; we quote from his testimony:

"*Q.* So you have paid nothing upon these $8,500 notes since the year 1923, and the last payment about July, 1923?

"*A.* No, sir.

"*Q.* You made some defense to the payment, to the further payment?

"*A.* I don't understand you correctly.

"*Q*. Do you make any defense to the payment?

"*A*. Oh, do I make any defense?

"*Q*. Yes.

"*A*. Yes, I make a defense.

"*Q*. And to the whole amount?

"*A*. Yes, sir.

"*Q*. Will you not admit that you owe some part, some of this balance of $6,900?

"*A*. No, I won't admit that I owe it."

While he does not specifically charge that he was defrauded in the sale, he does testify he had already paid all that the property was worth; that he was new in the business when he bought the property; and that neither Mr. Breitenwischer nor the company had demanded payment, but that Katherine Feldcamp, both personally and by attorney, had demanded payment and claimed to be the owner of the notes and chattel mortgage. No steps were taken under section 13149, 3 Comp. Laws 1915, to bring Katherine Feldcamp into the case.

Plaintiff moved for judgment against the garnishee defendants, which motion was granted. Later such judgment was set aside on the statement of the trial judge that he did not have before him all the testimony taken before the commissioner. The garnishee defendants moved for an order extending the time to try the issues by a jury. This motion was denied, but the trial judge stated:

* * * "But in connection with this matter, if counsel for plaintiff desired to have the matter involved determined by a jury, I would have no objection to the same."

This suggestion was not accepted by plaintiff's counsel, and a judgment for defendants followed.

In *Hayes* v. *Ross*, 236 Mich. 208, this court said:

"No demand for trial having been made by either party, the case stood on the garnishee's disclosure,

which, under the statute, included the examination before the commissioner. If the disclosure and examination did not fix liability, plaintiffs could not have had judgment. If it did show liability, they were entitled to judgment."

In the instant case the written disclosures absolutely denied liability to the principal defendants; the examination before the commissioner disclosed that the corporation defendant never owed the principal defendants or either of them; it disclosed that the individual garnishee defendant had or claimed to have a defense to any claim under the chattel mortgage, even though it was in the hands of the mortgagee, one of the principal defendants; but it further showed that such chattel mortgage was no longer held by such principal defendant, but was claimed by one not a party to the record and whose interest, therefore, could not be litigated. In *Kennedy* v. *McLellan,* 76 Mich. 598, it was held by this court (quoting from the syllabus):

"Where a plaintiff sees fit to submit his case in the court below without taking, or attempting to take, advantage of the provisions of Act No. 176, Laws of 1885, by impleading a party shown by the disclosure to claim the indebtedness due from the garnishee, or the property in his hands, the appellate court cannot aid him, but must pass upon the judgment as rendered at the circuit."

It is difficult to perceive how the trial judge could have reached any other result than he did, but it is sufficient for the purposes of the case to say that the judgment entered is justified by the record before us.

It will stand affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. McDONALD, J., did not sit.