STEVENS *v.* NORTHWAY.

1. GARNISHMENT—ANCILLARY TO ACTION AGAINST PRINCIPAL DEFENDANT.
    A garnishment proceeding is ancillary to the action against the principal defendants and wholly dependent thereon and not the commencement of an independent action.

2. SAME—COURT RULE.
    Court rule relative to time for filing of answers and cross bills pertains to original actions and suits and not to proceedings in garnishment wholly regulated by specific statutory provisions (Court Rule No. 27, § 3 [1933]).

---

* See 1 Comp. Laws 1929, § 3647 (Stat. Ann. § 7.428).—REPORTER.

3. Same—Default.

Where writ of garnishment was regular and proper service on commissioner of insurance made on March 10th and 21 days given in which to appear and make disclosure, default judgment entered on April 17th was not premature.

4. Same—Service of Process on Commissioner of Insurance—Default.

Even if court rule giving defendant 30 days in which to appear or answer where service is had on commissioner of insurance or secretary of State were applicable to garnishment proceeding and such service was had on commissioner on March 10th, entry of default on April 17th would not be premature (Court Rule No. 27, § 5 [1933]).

5. Removal of Causes—Garnishment—Disclosure.

Where circuit court refused to remove garnishment to Federal court and latter remanded cause to State court, disclosure filed in Federal court was not a compliance with writ of garnishment.

6. Same—Garnishment—Default Judgment.

After service of writ of garnishment in circuit court upon commissioner of insurance on March 10th, such court's refusal to remove proceeding to Federal court and service of notice of removal to Federal court, disclosure filed in Federal court of which plaintiff's counsel had a copy, and remand of cause on April 15th, entry of default judgment on April 17th was proper as fact that garnishee had not had its day in court was not attributable to counsel for plaintiff.

Appeal from Isabella; Hart (Ray), J. Submitted January 3, 1940. (Docket No. 53, Calendar No. 40,692.) Decided April 1, 1940. Rehearing denied June 18, 1940. Affirmed by Supreme Court of the United States on certiorari March 17, 1941.

Garnishment proceedings by Frank Stevens against R. A. Northway, doing business under the assumed name of Northway Clinic and Hospital, R. A. Northway and Roy B. Northway, principal defendants, and Metropolitan Casualty Insurance Company of New York, a foreign corporation, gar-

nishee defendant. From judgment for plaintiff against garnishee defendant, it appeals. Affirmed.

*B. A. Wendrow* and *Worcester & Worcester,* for plaintiff.

*Crane & Crane (Henry E. Naegely, Jr.,* of counsel), for principal defendants.

*Frederick J. Ward* and *H. Monroe Stanton (Alan W. Boyd,* of counsel), for garnishee defendant.

WIEST, J.   Plaintiff had judgment in the Isabella circuit court against the principal defendants in an action for malpractice and, on March 8, 1939, sued out in that court a writ of garnishment against the Metropolitan Casualty Insurance Company of New York, requiring disclosure on or before March 31, 1939. The writ was regularly served, as provided by law, upon the commissioner of insurance. March 28, 1939, the garnishee petitioned the circuit court for removal of the proceeding to the Federal district court by reason of diversity of citizenship, tendered bond, and, upon denial of removal, the attorneys for the garnishee served notice of removal to the Federal court. After such notice, and on April 10th, disclosure by the garnishee denying indebtedness or liability was filed in the Federal court. The Federal court on April 15, 1939, remanded the proceeding to the State court. In the meantime plaintiff entered the default of the garnishee in the State court for want of appearance and disclosure in that court and, upon remand by the Federal court, reentered the default on April 17th and, the same day, upon proofs in court, took judgment against the garnishee. April 18, 1939, the garnishee, under special appearance, moved the circuit court to set

aside the default as prematurely entered, averred filing of the disclosure in the Federal court denying liability and notice thereof to the attorneys for plaintiff before entry of the default, and filed an affidavit of merits. The motion was denied, and this appeal followed.

The garnishment proceeding was ancillary to the action against the principal defendants and wholly dependent thereon and not the commencement of an independent action. *Wyngarden* v. *LaHuis,* 251 Mich. 276.

The writ of garnishment was regular, proper service was made, and disclosure was required on or before March 31, 1939; and none was filed in the circuit court, and not in the Federal court until April 10th.

Attorneys for the garnishee contend that, under Court Rule No. 27, § 3 (1933), time to file disclosure was extended 15 days from April 11th, when the petition for removal to the Federal court was denied and, therefore, the default was premature.

That rule relates to pleadings in original actions and suits and not to proceedings in garnishment wholly regulated by specific statutory provisions. The point urged is without merit.

The writ of garnishment was served on the commissioner of insurance, as provided by statute, and mailed to the garnishee on March 10, 1939, giving 21 days in which to appear and make disclosure.

It is claimed that, under Court Rule No. 27, § 5 (1933), the garnishee had 30 days after service on the commissioner of insurance in which to file disclosure.

The mentioned rule provides:

"Where service of process against corporation is made upon the commissioner of insurance or secretary of State, the defendant shall not be required to

appear or answer thereto until thirty days after the mailing of the copy of such process to such defendant by said commissioner of insurance or secretary of State.''

If this rule is applicable to garnishments (a question we do not decide) it would not help the garnishee whose default, for want of appearance and disclosure, was entered on April 17th, or more than 30 days after the commissioner of insurance mailed the copy of the writ to the garnishee at its home office in New York City.

Considering the refusal of the circuit court to grant removal to the Federal court and the remand by the Federal court, the disclosure filed in the Federal court was no compliance with the writ of garnishment.

In behalf of the garnishee it is claimed that the attorneys for plaintiff had a copy of the disclosure filed in the Federal court and it was sharp practice to enter the default in the circuit court under such circumstances.

Counsel for plaintiff did no more than protect their client's rights, and it is not difficult to understand why they did not point out to opposing counsel their errors in the matter of their somewhat defiant attempt to remove the proceeding to the Federal court.

The default and judgment thereunder were regular and there was no abuse of discretion on the part of the court in abiding by the law. That the garnishee has not had its day in court is not attributable to counsel for plaintiff.

The action of the circuit court is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.