JOHNSON v. KRAMER BROS. FREIGHT LINES, INC.

1. STATUTES—PRESUMPTION OF CONSTITUTIONALITY.
A statute is presumed to be constitutional.

2. CONSTITUTIONAL LAW—DISCRETION OF COURT.
Judicial discretion upon good cause shown is a standard in itself
sufficient to satisfy all constitutional requirements.

3. SAME—COURTS—LEGISLATURE.
The power given to a court under the Constitution is judicial
power, a power which may neither be lessened nor increased by
the legislature.

4. COURTS—CONSTRUCTION AND APPLICATION OF STATUTES.
It is the peculiar province of the judicial department to adjudi-
cate upon and protect the rights and interests of individual
citizens, and to that end to construe and apply the laws.

5. SAME—DISCRETION OF COURTS.
Courts, by their very nature, are compelled to use their discretion
upon good cause shown to protect the rights of parties and
to prevent injustices.

6. SAME—ABUSE OF PROCESS.
Abuse of process is not limited to issuance thereof but extends
to oppressive use after issuance.

7. SAME—SUPERVISORY CONTROL OF PROCESS—ABUSE OF PROCESS.
Every court has supervisory control over use of its process and
power to prevent abuse thereof by oppressive use.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur, Constitutional Law § 128.
[2] 11 Am Jur, Constitutional Law § 228; 14 Am Jur, Courts § 54.
[3] 11 Am Jur, Constitutional Law § 206.
[4] 50 Am Jur, Statutes § 219.
[5, 9] 14 Am Jur, Courts § 54.
[6] 1 Am Jur, Abuse of Process § 3.
[8] 4 Am Jur, Attachment and Garnishment §§ 21, 499.
[10, 11] 5 Am Jur, Attachment and Garnishment § 738 et seq.
[12] 3 Am Jur, Appeal and Error § 900.
[13] 5 Am Jur, Attachment and Garnishment § 747.

8. GARNISHMENT—PURPOSE OF WRIT—PREREQUISITE SHOWING.

The purpose of garnishment is to impound security for satisfaction of a demand but the statute requires the prerequisite of a showing by affidavit that the plaintiff or affiant is justly apprehensive of the loss of the demand unless a writ of garnishment issue (CL 1948, § 628.1).

9. COURTS—DISCRETION OF COURT.

Courts are given broad discretionary powers to determine whether or not orders and decrees shall be rendered under such circumstances as may appear to the court to be reasonable and proper upon good cause shown.

10. GARNISHMENT—DISMISSAL OF WRIT—DISCRETION OF COURT.

Statute authorizing a court to discontinue garnishment proceedings against the garnishee, or make such other reasonable order as in its discretion seems advisable, does not constitute an unlawful delegation of legislative power to the judicial branch of the government (CL 1948, § 628.41).

11. SAME—DISMISSAL OF WRIT—DISCRETION OF COURT—SPECIAL INTERROGATORIES—DISCOVERY—EXAMINATION OF GARNISHEE.

Trial court did not abuse its discretion in dismissing writ of garnishment on claim of $25,000, where principal defendant filed 2 financial statements by its vice-president and comptroller showing total assets of $4,122,331.44, tangible property amounting to $2,278,822.37 and current assets amounting to $1,680,037.66; an opportunity was afforded plaintiff to cross-examine officers of the defendant company; hearings were had before denying plaintiff's motion for discovery; and plaintiff failed to file special interrogatories in regard to the disclosure of the garnishee or to file a demand for an examination of such garnishee before the judge of the court (CL 1948, §§ 628.3, 628.41).

12. APPEAL AND ERROR—DISCRETION OF COURT.

The Supreme Court will not reverse the determination of a factual issue unless there has been a clear abuse of discretion.

13. GARNISHMENT—ABUSE OF PROCESS.

To permit garnishment to stand constitutes an abuse of process, where the principal defendant showed it was well able to respond in damages to the extent of plaintiff's claims.

Appeal from Wayne; Bowles (George E.), J. Submitted June 3, 1959   (Docket No. 19, Calendar No. 48,018.)   Decided October 12, 1959.

Assumpsit by Allen Johnson against Kramer Bros. Freight Lines, Inc., a Michigan corporation. Writ of garnishment against defendant's depository, Detroit Bank & Trust Company, quashed. Plaintiff appeals. Affirmed.

*Hugh K. Davidson* and *J. Connor Austin,* for plaintiff.

*Devine, Kent & Devine,* for defendant.

KAVANAGH, J. Plaintiff commenced an action against the defendant in the Wayne circuit court in a plea of trespass upon the case upon promises and assumpsit, attaching to his declaration a bill of particulars alleging damages in the amount of $33,280.-79. Subsequently, plaintiff caused a writ of garnishment to be directed to the Detroit Bank & Trust Company as garnishee of the principal defendant, Kramer Bros. Freight Lines, Inc. In his writ, plaintiff claimed that the defendant was indebted to plaintiff in the sum of $25,000. The Detroit Bank & Trust Company filed a disclosure admitting liability in the amount of $89,100, subject, however, to prior writs in 3 other related cases. Subsequently, the bank filed an amended disclosure admitting liability in the amount of $25,700.

A motion to quash the writ of garnishment in the instant case was filed by the defendant on July 21, 1958, and in support thereof 2 financial statements were submitted together with supporting affidavits by the vice-president and comptroller of defendant company.

Two hearings were held on the motion. At the second hearing the defendant had present in court its senior auditor and offered to have him testify under oath concerning any questions the plaintiff's attorney might care to ask. The court offered to take the testimony of the auditor. The plaintiff declined.

The court concluded, upon the evidence submitted and the arguments made, that the defendant had shown that its assets were sufficient to satisfy any judgment for the amount claimed in plaintiff's writ. The motion to dismiss was therefore granted.

Plaintiff appeals to this Court and raises 2 questions:

1. "Does the amendment to the garnishment statute 'and the court may, at any time before judgment, for good cause shown, discontinue proceedings against the garnishee, or make such other reasonable order as in its discretion seems advisable' CLS 1956, § 628.41 (Stat Ann 1957 Cum Supp § 27.1895), constitute an unlawful delegation of legislative power to the judicial branch of the government?"

2. "Was the court in error in dismissing the garnishment under this discretionary power without conducting a hearing, without affording to plaintiff an opportunity to examine the defendant's records, cross-examine defendant's officers and adduce testimony for a judicial determination?"

It is an elementary principle of legal construction, pertaining to the constitutionality of legislation, that an act is presumed to be constitutional.

Appellant relies upon a series of authorities which hold that the legislature cannot constitutionally delegate by ordinance or statute to an administrative agency or public official discretion without prescribing a definite rule of guidance for those with whom discretion has been vested. He then argues that it is likewise an unconstitutional delegation of legislative power to vest in the courts judicial discretion upon good cause shown.

Judicial discretion upon good cause shown is a standard in itself sufficient to satisfy all constitutional requirements. The power given to a court

under the Constitution is judicial power. It is beyond the power of the legislature to take from it that judicial power, and it is equally beyond the authority of the legislature to confer upon it power not judicial.

"To adjudicate upon and protect the rights and interests of individual citizens, and to that end to construe and apply the laws, is the peculiar province of the judicial department." Cooley, Constitutional Limitations (7th ed), p 132.

"The primary functions of the judiciary are to declare what the law is and to determine the rights of parties conformably thereto." 16 CJS, Constitutional Law § 144, p 687.

In *Risser* v. *Hoyt,* 53 Mich 185, 193, it is said:

"The judicial power referred to is the authority to hear and decide controversies, and to make binding orders and judgments respecting them."

Judicial power is vested in the courts under the Constitution. *Anway* v. *Grand Rapids R. Co.,* 211 Mich 592, 622 (12 ALR 26) ; *Bielecki* v. *United Trucking Service,* 247 Mich 661.

By their very nature courts are compelled to use their discretion upon good cause shown to protect the rights of parties and prevent injustices. As was said by Justice Wiest in *Tsingos* v. *Michigan Packing Co.,* 272 Mich 7, 9–11:

"Abuse of process is not limited to issuance thereof but extends to oppressive use after issuance.

"Every court has supervisory control over use of its process and power to prevent abuse thereof by oppressive use. Process of garnishment was available to plaintiff upon making the needful showing. The purpose of garnishment is to impound security for satisfaction of a demand but the statute, CL 1929, § 14857,* requires the prerequisite of a

---

* CL 1948, § 628.1 (Stat Ann § 27.1855).—Reporter.

showing by affidavit that: 'the plaintiff or affiant is justly apprehensive of the loss of the same (the demand), unless a writ of garnishment issue.'

"When plaintiff sued out the second series of writs he already had $3,000 impounded. Just apprehension of loss of such security had been removed by defendants' unsuccessful efforts to quash. This left but $621.50 of his demand unsecured, and for this the writs in question were issued and $10,000 additional funds impounded.

"We pass the showing of defendants' ample financial ability to meet their obligations and come to the question of whether plaintiff is on firm ground in standing by the oppressive consequences of the last series of writs.

"Of course, the defendant, by bond, could release the impounded funds. This right, however, does not serve as an answer to the question of abuse of process. If the court may not, upon a proper showing, adjust use of its process to fit rights, then an abuse in use of the process will be permitted to run its intended course.

"When plaintiff rejected the just method of securing payment of his asserted demand, if and when reduced to judgment, and insisted upon keeping impounded 4 times the amount of his claim, he disclosed his real animus and the court was not in error in finding use of the process for an oppressive and unjustifiable purpose."

It is too well settled to need the citation of supporting authorities that courts are given broad discretionary powers to determine whether or not orders and decrees shall be rendered under such circumstances as may appear to the court to be reasonable and proper upon good cause shown.

CLS 1956, § 628.41 (Stat Ann 1957 Cum Supp § 27.1895), a portion of the garnishment statute, does not constitute an unlawful delegation of legislative authority to the judicial branch of the government.

In reply to the second question of appellant, 2 hearings were had, and an opportunity to cross-examine officers of defendant company was afforded the plaintiff. This he refused. Two financial statements, sworn to by the vice-president and comptroller of the company, were before the court showing total assets of $4,122,331.44, total tangible property in the amount of $2,278,822.37, and total current assets in the amount of $1,680,037.66. It would appear that full and extensive hearings were had by the trial judge before denying plaintiff's motion for discovery.

The garnishment statute, CL 1948, § 628.3 (Stat Ann § 27.1857), provides a manner by which the plaintiff within 10 days may file special interrogatories in regard to the disclosure of the garnishee defendant or file a demand for an examination of such garnishee before the judge of the court. This plaintiff failed to do. In the exercise of discretion the court decided in favor of defendant. No authority need be cited for the fact that the Supreme Court will not reverse unless there has been a clear abuse of discretion in deciding a factual matter. We believe that the evidence clearly shows that the defendant company was well able to respond in damages to the extent of plaintiff's claims. To have permitted the garnishment to stand would have been an abuse of process of the court.

The decision of the lower court is affirmed, with costs in favor of defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.