## DAVIS v. SEQUIN

1. PROCESS—ABUSE OF PROCESS—ELEMENTS OF TORT.

    The two elements which a party must show in order to prove an abuse of process as a matter of law are an ulterior purpose and that defendant performed an act which is improper in the regular conduct or prosecution of a proceeding.

2. PROCESS—JUDGMENT—WRIT OF EXECUTION—ABUSE OF PROCESS.

    Garnishment after judgment and a writ of execution on the assets of the debtor are legitimate and frequently-used procedures to satisfy a claim evidenced by a judgment, and the fact that particular property levied under a writ of execution may be exempt by statute does not make the levy an abuse of process where it cannot be said that execution was for an ulterior purpose.

Appeal from Muskegon, Charles A. Larnard, Jr., J. Submitted Division 3 January 6, 1970, at Grand Rapids. (Docket No. 6,951.) Decided February 24, 1970.

Complaint by Delbert A. Davis against Louis J. Sequin and Associates Loan Company for abuse of legal process. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*George D. Stribley,* for plaintiff.

*Rhoades, McKee & Boer (Jeremy J. Hickman,* of counsel), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Abuse of Process § 4.
[2] 1 Am Jur 2d, Abuse of Process §§ 10, 12, 26.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. On July 10, 1963, the municipal court for the city of Muskegon Heights granted defendant, Associates Loan Company, a consent judgment against the plaintiff. The judgment was not recoverable on a voluntary basis, and was transcribed to the Muskegon circuit court on November 15, 1963. Subsequently, several writs of garnishment were issued in an unsuccessful attempt to satisfy the judgment.

On August 3, 1964, a writ of execution was issued from the Muskegon county circuit court, and pursuant thereto, levy was made on plaintiff's 1955 model automobile which he claimed was exempt from levy by virtue of MCLA § 600.6023a(5) (Stat Ann 1970 Cum Supp § 27A.6023a[5]). Plaintiff never attempted to contest this levy by judicial proceedings, but rather filed suit on September 30, 1964, alleging an abuse of process.

At the conclusion of plaintiff's proofs, the trial court granted a summary judgment in favor of defendants.

There are two elements necessary to prove an abuse of process. "First, an ulterior purpose must be shown. Second, defendant must perform an act which is improper in the regular conduct or prosecution of a proceeding." *Pilette Industries, Inc.,* v. *Alexander* (1969), 17 Mich App 226, 227, 228.

Garnishment after judgment is a legitimate and frequently-used procedure to satisfy a claim evidenced by a judgment; MCLA § 600.4011 (Stat Ann 1962 Rev § 27A.4011); and the same can be said for a writ of execution on assets of the debtor. MCLA § 600.6001 *et seq.* (Stat Ann 1962 Rev § 27A.6001 *et seq.*).

Although the particular property might have been exempt from execution under MCLA § 600.6023a(5) (Stat Ann 1970 Cum Supp § 27A.6023a[5]), it cannot be said that execution was for some ulterior purpose as the debt is admittedly owed.

After considering all available evidence in a light most favorable to the plaintiff, *Lepley* v. *Bryant* (1953), 336 Mich 224, the trial judge did not err in granting summary judgment to the defendant.

Affirmed. Costs to defendant.