WARD v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 56775. Submitted February 1, 1982, at Lansing.—Decided
April 7, 1982.

Ernest B. Ward was injured as the result of an automobile
accident in which the vehicle he was driving collided with a
vehicle owned and operated by Russell Gollnick. Subsequently,
Ward was granted a default judgment against Gollnick. Ward
thereupon attempted to garnishee Gollnick's insurer, Detroit
Automobile Inter-Insurance Exchange, claiming that DAIIE
was indebted to Gollnick because it had an obligation under the
policy of insurance to pay for Gollnick's liabilities pursuant to
the accident. DAIIE filed a disclosure denying any liability to
Gollnick. Because Ward did not contest the disclosure, or seek a
hearing or any discovery within ten days of the filing date of
the disclosure, he accepted the facts therein, effectively dis-
charging the garnishee defendant DAIIE from further involve-
ment. After Ward filed a second affidavit for writ of garnish-
ment, the court quashed and suppressed the writ based on
Ward's failure to contest the disclosure of the previous writ of
garnishment. Thereafter, Ward entered into a contract with
Gollnick, whereby Gollnick assigned to Ward his cause of
action against DAIIE for breach of the insurance contract. In
consideration of the assignment, Ward promised not to pursue
Gollnick's personal assets for satisfaction of the default judg-
ment. Ward thereafter filed suit against DAIIE in Livingston
Circuit Court, alleging that DAIIE, with actual knowledge of
the accident and of the lawsuit against Gollnick, breached its
contract of insurance by failing to undertake the defense of the
case and by refusing to admit responsibility on behalf of

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Attachment and Garnishment § 12.
[2] 6 Am Jur 2d, Attachment and Garnishment §§ 6, 7, 11.
    73 Am Jur 2d, Statutes § 274.
[3] 6 Am Jur 2d, Attachment and Garnishment § 355.
    20 Am Jur 2d, Courts § 82.
[4] 7A Am Jur 2d, Automobile Insurance § 449.
[5] 46 Am Jur 2d, Judgments §§ 394, 395, 404, 477, 518.

Gollnick with respect to Ward's claim and judgment. The court, Russell E. Noble, J., granted the defendant accelerated judgment, holding that the prior garnishment action, decided in favor of DAIIE, constituted res judicata because there was "an identity of issues and parties between that action and the present suit". The plaintiff appeals. *Held:*

Gollnick's claim against the defendant for breach of contract of the insurance policy was unqualifiedly assigned to the plaintiff. Because Gollnick was not bound by the defendant's earlier disclosure to the plaintiff's writ of garnishment, the plaintiff by succeeding to Gollnick's cause of action against the insurance company is not precluded from instituting the action as an assignee. The plaintiff, because he instituted the action as assignee, should not be considered as having been a party to the prior garnishment action. Furthermore, the current action does not raise an issue which was litigated between the plaintiff and defendant in the garnishment action. The garnishment action was a post-judgment proceeding and the current case is an action by the insured, through an assignee, seeking enforcement of an insurance policy after an alleged breach of contract.

Reversed and remanded.

1. GARNISHMENT — PURPOSE OF GARNISHMENT.

Garnishment is a legitimate and common procedure to satisfy a claim once a judgment is obtained; the purpose of a garnishment proceeding is to preserve a principal defendant's assets in the control of the garnishee, one who has property or money in his possession belonging to the defendant, so that the assets may later be accessible to satisfy a judgment against the principal defendant.

2. GARNISHMENT — ANCILLARY PROCEEDINGS.

A garnishment proceeding is ancillary to the original suit rather than being a new or different action, and since garnishment is a harsh remedy, the statutory requirements should be strictly interpreted.

3. GARNISHMENT — DISCLOSURE — DISCHARGE OF DEFENDANT — COURT RULES.

A garnishee defendant may be discharged from a garnishment action where the plaintiff does not contest the garnishee defendant's disclosure of no liability within ten days and a judgment may be entered in favor of the garnishee defendant where the unchallenged disclosure categorically denies liability to the principal defendant (GCR 1963, 738.9).

4. DEBTOR AND CREDITOR — ASSIGNMENT OF INSURED'S CAUSE OF
      ACTION.

    A judgment creditor who has a valid assignment of an insured's
    cause of action for alleged unlawful refusal to defend or settle a
    claim may institute a direct action against the insurer.

5. WORDS AND PHRASES — RES JUDICATA.

    The doctrine of res judicata provides that, where two parties have
    fully litigated a particular claim and a final judgment has
    resulted, that claim may not be relitigated by the losing party;
    there are three prerequisites for a prior judgment to constitute
    a bar in a subsequent action under res judicata: (1) the former
    action must have been decided on the merits; (2) the same
    matter contested in the second action must have been decided
    in the first action; and (3) the two actions must be between the
    same parties or their privies.

*William D. McCririe,* for plaintiff.

 *The Heikkinen Law Firm, P.C.* (by *Thomas A. Matthews*), for defendant.

Before: DANHOF, C.J., and BEASLEY and E. A. QUINNELL,* JJ.

BEASLEY, J. Plaintiff, Ernest B. Ward, instituted an action in the Livingston Circuit Court on October 16, 1975, alleging that defendant, Detroit Automobile Inter-Insurance Exchange (DAIIE), refused to defend or assume liability under an insurance policy. Following the granting of an accelerated judgment in favor of defendant, plaintiff appeals as of right.

The litigation arose out of an automobile accident on February 16, 1973, wherein plaintiff's motor vehicle collided with a vehicle operated and owned by Russell Gollnick. On October 9, 1973, plaintiff brought an action for personal injuries and property damage.

* Circuit judge, sitting on the Court of Appeals by assignment.

On January 26, 1974, Gollnick was served with a complaint and summons in the negligence action. Following the entry of a default against Gollnick and a hearing on plaintiff's proofs, the trial court awarded plaintiff a default judgment against defendant Gollnick in the amount of $22,304.25.

On June 19, 1974, plaintiff filed an affidavit for writ of garnishment after judgment, alleging that Gollnick's insurance company, defendant DAIIE herein, was indebted to Gollnick. The garnishment writ alleged that:

"* * * [T]he said Detroit Auto Exchange has refused and neglected to pay a just obligation under a policy of insurance, policy number 7210486911, so issued to the said Def., Russell Eugene Gollnick * * *."

On July 11, 1974, defendant DAIIE filed its disclosure as garnishee defendant, denying liability. The disclosure stated:

"* * * "[T]he said Garnishee had not, at the time of the service of said Writ upon it the said Garnishee was not in any way or manner indebted to the said RUSSELL EUGENE GOLLNICK in any sum or amount whatever."

By not contesting the disclosure within ten days nor seeking a hearing or discovery, plaintiff accepted the facts contained therein, effectively discharging the garnishee defendant from further involvement.[1]

On July 29, 1975, plaintiff filed a second affidavit for writ of garnishment. This affidavit, identical to the one filed on July 11, 1974, was responded to by garnishee defendant's motion to quash, based on plaintiff's failure to contest the disclosure of the

[1] GCR 1963, 738.9; 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 620, 629.

previous writ. After hearing oral arguments, the trial court quashed and suppressed the writ of garnishment.

Stemming from his unsuccessful endeavors to enforce his judgment by way of garnishment writs, plaintiff entered into a contract with his judgment debtor, Gollnick, whereby Gollnick assigned to plaintiff his cause of action against defendant DAIIE for breach of the insurance contract. In consideration of the assignment, plaintiff promised not to pursue Gollnick's personal assets for satisfaction of the default judgment.

On October 14, 1975, plaintiff, as assignee of the insured party under the policy (Gollnick), instituted a complaint against defendant DAIIE, asserting that defendant, with actual knowledge of the automobile accident and of the lawsuit against the insured, breached its contract of insurance by failing to undertake the defense of the case and by refusing to admit responsibility on behalf of Gollnick with respect to plaintiff's claim and judgment. Additionally, plaintiff alleged that Gollnick, the insured, complied with the terms, conditions and provisions of the insurance policy.

In its answer to the complaint, defendant contested the allegations; furthermore, it invoked the affirmative defense of res judicata, premised on the prior disposition of the garnishment proceedings. On March 5, 1981, the trial court, after entertaining oral arguments, granted defendant's accelerated judgment motion under GCR 1963, 116.1(5), barring plaintiff's claim as a consequence of the prior judgment entered in defendant's favor as garnishee defendant. The trial court found that the garnishment action, being decided in favor of defendant DAIIE, constituted res judicata, "as there was an identity of issues and parties between that action and the present suit".

.

The gravamen of this appeal is whether a judgment creditor, who is unsuccessful in satisfying his judgment by way of a garnishment proceeding against one who may be liable to the judgment debtor, may institute an action as assignee of the judgment debtor's claim against the successful garnishee defendant.

Once a judgment is obtained, garnishment is a legitimate and common procedure to satisfy a claim.[2] The design of a garnishment proceeding is to preserve a principal defendant's assets in the control of the garnishee, *i.e.*, one who has property or money in his possession belonging to the defendant, so that the assets may later be accessible to satisfy a judgment against the principal defendant.[3] Rather than being a new or different action, a garnishment proceeding is ancillary to the original suit.[4] Since garnishment is a harsh remedy, the statutory requirements are strictly interpreted.[5]

The applicable court rule, GCR 1963, 738.6, provides:

"The garnishee shall file with the clerk of court a disclosure under oath within 15 days after the date of the service of the writ upon him. The disclosure shall reveal any liability to the principal defendant as specified in sub-rule 738.5, and, except as to claims for unliquidated damages for wrongs or injuries, may claim any setoff of which the garnishee could have availed himself against the principal defendant if he had not been garnisheed. Unless the plaintiff takes further steps as authorized by these rules within 10 days after the

---

[2] *Davis v Sequin,* 22 Mich App 44, 45; 176 NW2d 707 (1970).

[3] *Johnson v Kramer Brothers Freight Lines, Inc,* 357 Mich 254; 98 NW2d 586 (1959).

[4] *Stevens v Northway,* 293 Mich 31; 291 NW 211 (1940).

[5] *W H Warner Coal Co v Nelson,* 204 Mich 317, 321-322; 169 NW 852 (1918).

receipt of notice of the filing of the garnishee's disclosure, the disclosure shall be held to be sufficient."

If the plaintiff does not contest the garnishee defendant's disclosure of no liability within ten days, the garnishee is discharged from the garnishment action. Judgment is entered in favor of the garnishee defendant when the unchallenged disclosure categorically denies liability to the principal defendant.[6]

Defendant DAIIE contends that plaintiff, by failing to challenge the disclosure, accepted the denial of liability as true; therefore, the doctrine of res judicata prohibits him from instituting the matter herein as assignee of the insured under the policy, Russell Gollnick.

6 Am Jur 2d, Attachment and Garnishment, § 393, p 836, is instructive:

"A judgment in favor of a garnishee is conclusive as between the plaintiff and the garnishee in a subsequent action with respect to the issues involved in the garnishment proceedings. Thus, it is held that if the garnishee anwers denying his indebtedness to the defendant, and the plaintiff, failing to file a contest to the answer, permits a judgment of discharge of the garnishee to be entered, this is a judgment on the merits and conclusive between the plaintiff and the garnishee that the latter was not indebted to the defendant. But the garnishee's successful denial of liability in the garnishment proceedings, resulting in a judgment in his favor, is generally held not to constitute a bar to an action against him by the principal defendant; and in some states it is expressly so provided by statute." (Footnotes omitted.)

A judgment creditor, armed with a valid assign-

---

[6] *Anderson v Breitenwischer Auto Co,* 244 Mich 373; 221 NW 155 (1928); 4 Honigman & Hawkins, Michigan Court Rules Annotated, pp 620, 629.

ment of an insured's cause of action for alleged unlawful refusal to defend or settle a claim, may institute a direct action against the insurer.[7] In *Moore v Baugh*,[8] this Court discussed the concept of assignments:

"An assignment of a judgment divests the assignor of all interests therein. * * * An assignment is a transfer or setting over of property from one person or entity to another and, unless in some way qualified, transfers one's whole interest. * * * The assignee is ordinarily subject to any setoff or counterclaim available to the obligor against the assignor, * * *. Generally, when a judgment is reversed or set aside, the party who has received the benefit must make restitution to the other party, * * *. It would thus appear that once a judgment is assigned, the assignor is completely disassociated from the rest except to the extent that his obligor may have rights against him which would then be assertable against the assignee." (Citations omitted.)

The doctrine of res judicata provides that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party.[9] In *Tucker v Rohrback*,[10] the Supreme Court delineated three prerequisites for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first; and (3) the two actions must be between the same parties or privies.

Gollnick's claim against defendant for breach of

---

[7] *Lisiewski v Countrywide Ins Co,* 75 Mich App 631, 635; 255 NW2d 714 (1977); 7 Am Jur 2d, Automobile Insurance, § 388, p 1140.

[8] 106 Mich App 815, 819; 308 NW2d 698 (1981).

[9] 50 CJS, Judgments, § 592, p 11.

[10] 13 Mich 73, 75 (1864). See also *Cloud v Vance,* 97 Mich App 446, 451; 296 NW2d 68 (1980).

contract of the insurance policy was unqualifiedly assigned to plaintiff. Gollnick was not bound by defendant's earlier disclosure to plaintiff's writ of garnishment. He was not directly involved in those proceedings. Neither do the court rules require that he be given notice of the garnishment proceedings. Consequently, plaintiff, by succeeding to Gollnick's cause of action against the insurance company, is not precluded from instituting the action as assignee.

In instituting the action as assignee, plaintiff was suing in a representative capacity. Thus, the third prong of the doctrine of res judicata was not satisfied, as Gollnick, the assignor of the insurance policy claim, was not a party to the garnishment proceedings. *Howell v Vito's Trucking and Excavating Co*[11] contains a discussion of this element:

" 'Where a person brings an action or is sued in his individual right, a judgment rendered for or against him is not operative under the doctrine of res judicata in a subsequent action brought by or against the same person in a representative capacity. Similarly, a judgment rendered in an action in which one of the parties appears in a representative capacity is not operative under the doctrine of res judicata in a subsequent action involving the same party in his individual right. These rules have been denied application, however, where a party to one action in his individual capacity and to another action in his representative capacity is in each case asserting or protecting his individual rights.' " (Footnote omitted.)

While it is true that plaintiff is asserting his own rights in his claim as assignee because of his status as judgment creditor, he is the assignor's representative. As previously stated, res judicata is

[11] 386 Mich 37, 45; 191 NW2d 313 (1971).

inoperable here, for Gollnick was not a party to the garnishment proceedings.

Additionally, we find that the second element of the res judicata doctrine was not satisfied, as the garnishment proceeding related to an attempted satisfaction of a default judgment; the matter at bar concerns an alleged breach of contract of an insurance policy. The current action does not raise an issue which was litigated between plaintiff and defendant in the garnishment action. A comparison of the two matters displays that they are different: the first was a post-judgment proceeding, and the current litigation is an action by the insured, through an assignee, seeking enforcement of an insurance policy after an alleged breach of contract.[12]

Accordingly, we reverse the trial court's grant of accelerated judgment.

Reversed and remanded.

---

[12] See 14 Michigan Law & Practice, Judgment, § 165, pp 611-613, *Clements v Constantine,* 344 Mich 446; 73 NW2d 889 (1955).