GEORGE M. LANDON, JUDGE OF PROBATE, FOR THE USE AND BENEFIT OF CORA CUMMINS, v. EMILY COMET AND HENRY M. DE LAND, IMPLEADED WITH H. L. WILBUR.

*Declaration on guardian's bond—Describing defendant "as guardian of Lucretia Cummins"—With reference to probate record of bond—In which she was named "Emma Cummins"—Her full Christian name being "Emma Lucretia"—Held, that the recorded bond was admissible under the declaration—The misnomer being a clerical error amendable as of course on the trial—Circuit judge acting as judge of probate on settlement of guardian's final account—If guardian and surety take part in proceedings—Without questioning jurisdiction of acting judge—They are estopped from raising that question in a suit to recover the distributive share of ward — Order of distribution made on such settlement without notice to infant wards—May be confirmed on hearing of order to show cause against such confirmation—Notice of hearing being given to wards by publication—If general guardian appears on such hearing—And questions jurisdiction of circuit judge, and order of distribution as made without personal notice to wards—And objects to present hearing for want of like notice—Which objections are ignored by the*

*acting judge—As also the special appearance of the guardian—And a guardian ad litem is appointed for the wards—Who accepts the trust and assents in writing to the order of distribution—Which is thereupon confirmed by the circuit judge—From which order the general guardian fails to appeal—Held, that the method of giving such notice was discretionary, and if the circuit judge had authority to act the order of confirmation was valid—That in absence of a counter showing, the existence of the required jurisdictional facts must be presumed—And that the action of the judge amounted to a finding of such facts and of his power to act—Which decision was final, unless appealed from—Notice—Of application for leave to bring suit on guardian's bond—For sum due ward under order of distribution—Not required to be given to guardian—If granted, the order to sue enables ward to raise question of guardian's liability in a court of law—To which suit the guardian becomes a party—Whose liability cannot be adjudicated on the preliminary application—How. Stat. sec. 6332—Limiting liability of sureties on guardians' bonds to actions commenced within four years from discharge of guardian—Does not apply to conditional orders for such discharge—If ward is an infant at time of discharge he may bring suit at any time within four years after attaining his majority.*

1. In a suit upon a guardian's bond the declaration described defendant "as guardian of *Lucretia* Cummins," referring, however, to the record of the bond in the probate court. On the trial the bond offered in evidence varied from the one declared upon in stating the ward's name as *Emma*, but it appeared that her full name was *Emma Lucretia*, and that the bond so offered was the one recorded.

   *Held*, that the reference to the probate record was sufficient to identify the bond sued upon, and that the use of the name "*Lucretia*" could be treated as a clerical error, or amended as a matter of course on the trial, and that the objection on account of *variance* was technical and without merit.

2. In a suit against a guardian and her sureties upon her official bond to recover the distributive share of one of her wards, it appeared that the orders and proceedings leading to the settlement of the guardian's account in the probate court were made by and had before the circuit judge, acting as judge of probate, but nothing appeared to show for what *cause* or *reason* he was so *acting*. It appeared, however, that the guardian and her surety, against whom judgment was sought, had appeared and taken part in such preliminary proceedings without objecting in any way to the *right* of the circuit judge to conduct the same.

   *Held*, that they were estopped from raising said question in the *collateral* proceeding on the bond, having voluntarily submitted themselves to the jurisdiction of the court.

3. After the settlement of a guardian's *final* account an order of distribution was made among the heirs, three of whom were *minors*, but

without notice of such proposed action; for which reason an order was afterwards made, reciting the order of distribution, and the objection thereto of the surety on the guardian's bond for want of such notice, made on the hearing of an application of the *adult* ward for leave to sue on such bond to recover her distributive share under said order, and directing that a further hearing should be had in the matter of such distribution. It was further ordered that the *infant* wards should be notified to appear, and show cause why the *first* order should not stand, by the publication of a copy of the *second* order in a daily newspaper once in each day for five days, which was done.

The minors did not appear in person, but their general guardian appeared *specially* and made the following objections:

*a*—The judge of probate was not incapacitated to act, and had made no order authorizing the circuit judge to act in his stead.

*b*—The order of distribution was void, and could not be validated by further action.

*c*—No notice of the *present* hearing had been served upon the minors or their guardian.

The circuit judge ignored the objections and the appearance of the guardian, and ordered that a guardian *ad litem* be appointed for the minors, who accepted the trust, and signified in writing his satisfaction with the order of distribution, which was accordingly confirmed.

No appeal was taken from this order, and after demanding her distributive share thereunder the adult heir applied for leave to bring suit upon the guardian's bond to recover the same, which was granted by the circuit judge, acting as judge of probate, and suit was accordingly commenced against the guardian and her sureties, neither of whom had any notice of such application or appeared at the hearing.

On the trial the defendants denied the validity of the original order of distribution for want of notice to the minors, or that the same was validated by the subsequent order for a like reason; also the *power* of the court to appoint a guardian *ad litem*, and his authority to bind the minors by assenting to such *original* order.

*Held*, that the *manner* of serving notice of application for distribution, and the *length* of the notice, were in the *discretion* of the probate judge under How. Stat. § 6798; and it appearing that the notice given reached the general guardian, who is authorized by statute to appear for the minors, and did appear,—

*Held*, further, that if the circuit judge had authority to act, the order confirming the order of distribution was valid.

*Held*, further, that in the absence of any showing to the contrary, the existence of the necessary fact or facts authorizing the circuit judge to act must be presumed; and that the ignoring by that officer of the objections of the guardian, which squarely questioned such authority, was equivalent to a finding by him that he had

jurisdiction, which decision was *final*, unless appealed from, and cannot be attacked collaterally.

4. The statute does not require any notice to be given of the hearing of an application by a ward for leave to bring suit upon a guardian's bond to recover a sum due under an order of distribution; and if the guardian and his sureties should appear, the question of their *legal* liability could not be adjudicated on such hearing. The order to sue only grants the privilege of raising this question in a court of law, and when the suit is instituted the guardian becomes a party thereto, and must be duly notified before his rights can be affected. *Richardson v. Oakman*, 15 Gray, 57; *Richardson v. Hazelton*, 101 Mass. 108; How. Stat. § 6331.

5. How. Stat. § 6332, limiting the liability of sureties upon guardians' bonds to actions commenced within four years from the discharge of the guardian, has no application to *conditional* orders for such discharge; and if at the time of such discharge the ward is an infant, he may bring such suit at any time within four years after attaining his majority.

Error to Monroe. (Joslin, J.) Submitted on briefs May 7, 1886. Decided June 24, 1886.

Assumpsit on guardian's bond. Defendants bring error. Affirmed. The facts are stated in the opinion and head-notes.

*H. A. Lockwood* and *O. A. Critchett*, for appellants:

The order for distribution of date February 26, 1885, was made *ex parte*, and without notice to the parties interested, and for this reason was void and inadmissible in evidence: *Smith v. Rice*, 11 Mass. 510; *Hathaway v. Clark*, 22 Id. 491; *Mich. Cent. R. R. Co. v. Probate Judge*, 48 Mich. 638; *North v. Joslin*, 59 Id. 624; *Bloom v. Burdick*, 1 Hill, 139.

All orders and decrees of the probate court are required by statute to be recorded in the records of the court. How. Stat. § 6756.

The order to appear and show cause why the order of distribution should not be confirmed was not so recorded, and the parol proof offered to show that it belonged to the files in the minor's estate was inadmissible: 1 Greenleaf on Ev. §. 86.

A guardian *ad litem* should·be appointed and accept his appointment before the matter is determined, so that he may have an opportunity to inquire into the relative rights of the

parties before such determination : *Smith v. Rice,* 11 Mass. 510.

The existence of some one of the statutory conditions was necessary to confer jurisdiction on the circuit judge to act as judge of probate ; and in courts of limited jurisdiction, and in matters purely statutory, jurisdiction must *affirmatively* appear : *Smith v. Rice,* 11 Mass. 510 ; *Jenks v. Howland,* 69 Id. 536 ; *Denison v. Smith,* 33 Mich. 155. See, also, *McFarlane v. Clark,* 39 Mich. 44.

*Ira G. Humphrey,* for plaintiff :

The alleged discharge of the sureties was only against *future* liabilities : How. Stat. § 6330.

Plaintiff commenced her suit prior to the expiration of four years after attaining her majority, hence is within the proviso of How. Stat. § 6332.

A careful study of chapter 227, How. Stat., fails to show any necessity for notice to the sureties of application to bring suit on a guardian's bond.

Morse, J. This action is brought upon a guardian's bond executed by Emily Comet (then Emily Cummins) as principal, and De Land and Wilbur as sureties.

The bond was given as guardian of Cora, Eva, Lilly, and Emma Cummins.

Suit was instituted in pursuance of an order of the probate court for the county of Monroe, Hon. C. Joslin, circuit judge, acting as judge of probate.

Upon the trial, after proving the signature of Emily Cummins to the bond, and the handwriting of the judge of probate approving the same, the bond was offered in evidence.

Its reception was objected to, for the reason that it was not the bond declared upon. The bond stated that it was executed by Emily Cummins as guardian of Cora, Eva, Lilly, and *Emma* Cummins. The counsel for the defendant claimed that the bond declared upon was one purporting to be executed by Emily Cummins as guardian of Cora, Eva, Lilly, and *Lucretia* Cummins.

An examination of the declaration, however, shows that the bond declared upon is referred to in the declaration and pointed out therein as a bond recorded in Liber B and L,

page 416, of the records of the probate court, which was the record of the bond offered in evidence. It is true that in the declaration it is stated that Emily Cummins was appointed guardian of Cora, Eva, Lilly, and Lucretia Cummins; but, if Emma and Lucretia were not names for the same person, whose real and full name was Emma Lucretia Cummins, as claimed by plaintiff and abundantly shown afterwards in the proceedings, the reference to the bond making it a part of the declaration was sufficient to apprise the defendants of what bond was sued upon, and the use of the word or name " Lucretia " could be treated as a clerical error, or amended as a matter of course upon the trial. It was a technical objection, without merit, and was properly overruled.

The exhibits produced from the files of the case in the probate court to prove that Emma and Lucretia were the names of but one person, if incompetent for that purpose, were therefore of no hurt to defendants, as their introduction was not necessary, and could not in any event have been of any importance one way or the other. Their acceptance as evidence, if erroneous, was error without prejudice.

The principal objection urged against the recovery of the plaintiff upon the bond in suit is the fact that the orders and proceedings leading to the settlement of the guardian's account in the probate court were made by and had before Hon. Chauncey Joslin, circuit judge, acting as judge of probate. None of the proceedings in the probate court show for what cause or reason the circuit judge was so acting, and the record is silent upon that subject. It is urged that there is nothing showing that the judge of probate was incapacitated in any way, under the statute, from acting in the matter; that the circuit judge could not act unless the probate judge was unable to do so on account of some one of the reasons named in the statutes (How. Stat. §§ 6770–6772); that the jurisdiction of the circuit judge must appear affirmatively in the proceedings, and if not so appearing, his acts must be deemed to be null and void.

It appears, however, from the record, that the defendants appeared before the probate court in several instances during

the proceedings therein, and subjected themselves to its jurisdiction, and made no question whatever of the power of the circuit judge, or his full authority to act in the premises.

July 3, 1884, the defendant Comet, upon an order made by the circuit judge, acting as probate judge, filed what purported to be her final account before him, and afterwards went to final hearing and adjudication thereon. She made no objection at any time to the action of the circuit judge in exercising the functions and duties of judge of probate.

April 10, 1885, upon a citation issued by the circuit judge in his capacity as probate judge, one of the sureties, De Land, came into court before him, and objected to the allowance of an order that suit might be brought upon the bond for the reason that proper notice was not given the minor heirs, Eva, Lilly, and Lucretia, of the order for the distribution of the fund found to be owing from defendant Comet, as guardian, to her wards. Thereupon, on the thirteenth of the same month, the circuit judge made an order that the wards, Cora, Eva, Lilly, and Lucretia Cummins, appear at the probate office on the eighteenth of the same month, to show cause, if any, why the distribution as made of date February 26, 1885, should not stand as then made. The surety therefore appeared, and was aware of the distributive order made, and of the subsequent hearing to annul, modify, or confirm it. He made no objection to the authority of the circuit judge to act. The defendant Wilbur, the other surety, was not served with process, and does not appear in this suit. The bond was a joint and several obligation.

It seems, therefore, that the defendants have both voluntarily submitted themselves to the jurisdiction of the court, with the circuit judge performing the duties of the probate judge, and made no protest or demurrer.

As the statute authorizes the circuit judge to act as judge of the probate court in certain specified cases, and he did so act with the consent and concurrence of the defendants, it is now too late for them in this collateral proceeding to question his right to act. *Grand Rapids, N. & L. S. R. R. Co. v. Gray*, 38 Mich. 461; *Gott v. Brigham*, 41 Id. 227; *Thomp-*

*son v. Mutual Ben. Ass'n*, 52 Id. 522; *Norberg v. Heine-man*, 59 Id. 213–14.

The proceedings of the probate court are also objected to for other reasons. Before disposing of the questions raised by these objections, it will be necessary to give a brief outline of the proceedings in the order of their occurrence.

On the twenty-third day of April, 1884, Cora Cummins, who was then of age, made a petition to the probate court, praying that the defendant Emily Comet might be cited and required to account to said court for the funds in her hands as guardian of her said wards.

On the same day, George M. Landon, judge of probate, made an order citing the said Emily Comet to appear on the twenty-eighth day of April, 1884, for the purposes of such accounting, and issued a citation, which was personally served on the said Emily Comet on the twenty-fourth of April. There is no record of her appearing in accordance with such order.

June 13, 1884, Hon. Chauncey Joslin, acting as probate judge, made an order reciting the fact that said Emily Comet had not complied with said order of April 24, and decreeing that she make and file her account as such guardian on July 1, 1884.

On the third day of July, 1884, the defendant Emily Comet filed her account, swearing and subscribing to the same before Judge Joslin.

Hearing on this account was delayed, and final adjudication upon the same was not had, until December 29, 1884, when an order was made by Judge Joslin, acting as probate judge, decreeing the sum of $325 to be due and owing from said guardian to her said wards. It appears that in the taking of testimony, and upon the argument, the defendant Comet was present, and also represented by attorneys.

January 20, 1885, Cora Cummins made application to the probate court for leave to sue upon the bond. Notice of the application was served upon De Land, but a return was made that the defendants Comet and Wilbur could not be found. January 31, 1885, hearing was had upon this appli-

cation before Hon. George M. Landon, judge of probate, at which hearing De Land was represented by counsel. The application was denied. No reason is given for the denial.

February 26, 1885, Judge Joslin made an order in the case, as acting judge of probate, dividing the amount found due by the order of December 29, 1884, among the children, as follows: To Cora, $125; and to each of the others, $66.66.

March 10, 1885, Cora made a demand upon the guardian for the payment of the sum allowed to her, and on the eighteenth of the same month she again made application to the probate court for leave to sue on the bond. Hearing was had on this petition, April 10, 1885, at which time the defendant De Land appeared before Judge Joslin, who was acting as probate judge, and opposed the application on the ground that proper notice had not been given to the minors, Eva, Lilly, and Lucretia Cummins, of the hearing upon which the order was made dividing and distributing the amount owing from the guardian to them.

The application for leave to sue was denied, presumably for the reason stated in De Land's objection.

Thereupon, on the thirteenth day of April, 1885, the circuit judge made an order, reciting his order of distribution of February 26, 1885, and the objection made to such order by said De Land as aforesaid, and providing that a further hearing should be had in the matter of distribution on the eighteenth day of April, 1885, and decreeing that notice should be served upon Eva, Lilly, and Lucretia, to appear and show cause, if any, why the order as then made should not stand, by publication of a copy of the order in a daily newspaper published in the city of Monroe once in each day until said eighteenth day of April. The notice was so published, and on the last-named day, none of said minors appearing, a guardian *ad litem* was appointed for them upon that day, who immediately accepted the trust, and signified in writing his satisfaction with the terms of the order of distribution as made in February. The judge also confirmed the original order.

June 1, 1885, Cora made another demand upon the defendant Comet, under the confirmation order of April 18, 1885, for the $125 allowed to her, and also gave her notice that if the same were not paid she should proceed to collect such sum by law from her and her sureties.

She then again petitioned the probate court for leave to sue upon the bond, and on the nineteenth day of June, 1885, Judge Joslin, acting as judge of probate, granted her application.

It does not appear that either of the defendants had any notice of the application, or hearing upon it, or was present when such order was made.

Suit was commenced July 25, 1885.

It is claimed that the order of February 26, 1885, distributing the balance due and apportioning the same among the heirs, could not bind the minors, Eva, Lilly, and Lucretia, and, if void as to them, Cora could not sue for the $125 and recover the same from the defendants, as such recovery would be no bar to a suit by the minors against them for a portion of the same, or the whole sum, if, in case of a further adjudication, when all the wards were properly before the court, it should be found and decreed that Cora was not entitled to the whole sum of $125, or, as it might be, that she was entitled to no part of it.

It is further contended that the invalidity of this apportionment without notice was not cured by the subsequent proceedings, for the reason that no proper notice was given these minors of the hearing on the eighteenth of April, and that the court had no power to appoint a guardian *ad litem* on that occasion, and that the guardian so appointed had no authority to bind said minors by accepting the terms of such distribution. It appears in this connection that these minors, at the time of this hearing of April 18, 1885, had a general guardian, one John W. Fillmore, appointed by the probate court. The said John W. Fillmore, as shown by the defendants, appeared at the hearing specially, and objected to the proceeding on three grounds:

1. Because the judge of probate was not incapacitated to

act, and had made no order authorizing the circuit judge to act.

2. Because the order of February 26 was void, and could not be validated by further action.

3. Because no notice had been served upon Eva, Lilly, and Lucretia of the said hearing, or upon their guardian.

The circuit judge, acting as judge of probate, appears to have paid no attention to the appearance of Fillmore or his objections. On the contrary, it is expressly stated in his order of that date that,—

"No appearance having been made on the part of said Eva, Lilly, and Lucretia Cummins, or any objection on their behalf having been presented for the consideration of the court, it is ordered by the court now here that Patrick H. Matthews, Esq., be appointed guardian *ad litem* for the said Eva, Lilly, and Lucretia Cummins."

This was, however, a virtual overruling, in fact, of the objections so made.

No appeal was taken from this action of the probate court, and it is now claimed by the counsel for plaintiff that the action of that court cannot be attacked in this collateral proceeding; that, under the law, the judge had a right to appoint a guardian *ad litem*, and that such guardian is satisfied; and, the general guardian not appealing from such order, the defendant Comet and her sureties cannot complain in this action.

It seems to me that the third objection made by Fillmore was not tenable. Under the statute, the manner of serving notice, and the time in which to serve it, were in the discretion of the probate judge. The statute does not prescribe any particular method of notice of the hearing upon distribution of the assets in the hands of a guardian, belonging to his wards; and it is provided, by section 6798 of Howell's Statutes:

"Where notice of any proceedings in a probate court shall be required by law, or be deemed necessary by the judge of probate, and the manner of giving the same shall not be directed by any statute, the judge of probate shall order notice of such proceedings to be given to all persons interested

therein, in such manner and for such length of time as he shall deem reasonable."

It also appears that the notice served its purpose, and reached the person who by the statute is authorized to appear for the minors, as Fillmore, the general guardian, in some manner became aware of the hearing, and was present; and, if the circuit judge had authority to act as probate judge, we think he could, upon proper notice, confirm and make valid at this hearing the order of February 26, which lacked validity because of want of notice.

The chief difficulty is the question of the jurisdiction of Judge Joslin to act as probate judge, without any showing whatever of any disability upon the part of Hon. George M. Landon, or any reason being assigned in the record anywhere why Judge Joslin was so acting.

The question arises whether it can be presumed, without such showing, that a proper disability under the statute existed authorizing the sitting of the circuit judge as judge of probate.

If the jurisdiction is to be presumed, then we think that the order must stand, as the general guardian is authorized to appeal, and, if not satisfied with the order, should have done so. He has the care and custody of his wards, and the management of their estate (How. Stat. § 6316); and it is made his duty "to settle all accounts of his ward, and demand, sue for, and receive all debts due to him; * * * and he shall appear for and represent his ward in all legal suits and proceedings, unless when another person is appointed for that purpose as guardian or next friend." How. Stat. § 6323.

In this case the guardian *ad litem* is satisfied with the order. And Cora is not obliged, in my opinion, to wait until the other minors are of age before she can recover what belongs to her, as she must if such minors are not bound by the failure of the general guardian to appeal, and precluded from questioning said order after they attain their majority; and, if she was obliged to wait, she might lose her claim by limitation of the statute.

The question of the right and authority of Judge Joslin to act was squarely raised before him by the general guardian. His power to act depended upon a fact, to wit, the disqualification of the probate judge for some one of the reasons named in the statute. The judge acted upon this objection by ignoring it, but going on with the proceedings. This was equivalent, as before shown, to deciding that he had jurisdiction. It must be presumed, I think, that he found the necessary fact to confer such jurisdiction to exist; and, if so, his decision cannot be attacked collaterally, and is final, unless directly attacked and overturned by appeal: *Holcomb v. Phelps*, 16 Conn. 127, 131, 133; *Erwin v. Lowry*, 7 How. 172; *Bumstead v. Read*, 31 Barb. 661; *Morrell v. Dennison*, 8 Abb. Pr. 401; *Sheldon v. Wright*, 5 N. Y. 497.

We are also of the opinion that, in the absence of any showing to the contrary, it must be presumed that the necessary fact or facts existed authorizing Judge Joslin to act, under the statute, as probate judge.

The remaining objection to the proceedings is that there was no notice given of the last application for leave to sue upon the bond. It seems that in the previous applications, which were denied, notice was given to the defendants Comet and De Land of the hearing upon each application; but neither of them was given any notice of the last hearing, when leave was granted. I am unable to find any statute making it necessary to give such notice; and I can see no necessity for it. If the guardian and her sureties should appear and contest the granting of leave to sue upon the bond, the matter of their legal liability upon such bond could not, in such a proceeding, be properly adjudicated.

"The order to sue only grants to the party applying the privilege of raising the question of such liability in a court of law. Whenever such suit is instituted, the executor or administrator assumes the relation of a party thereto, and, as such party, must be duly notified before his rights can be affected:" *Richardson v. Oakman*, 15 Gray, 57; *Richardson v. Hazelton*, 101 Mass. 108.

Our statute provides that suits upon guardians' bonds shall be conducted in like manner as is provided with respect to suits on bonds of executors or administrators (How. Stat. § 6331) ; and our statute in relation to bringing suit upon executors' or administrators' bonds is similar to that of Massachusetts, and therefore the authority of the supreme court of that state applies here.

It was also claimed upon the trial that the defendant Emily Comet had been discharged from her trust as guardian, and that the sureties upon her bond had been discharged by the probate court, for more than four years before the institution of this suit, and therefore come within the provision of the statute limiting their liability to actions commenced within four years after the discharge of the guardian. How. Stat. § 6332.

But the proof shows only conditional orders.

September 28, 1878, an order was made by the probate court discharging the sureties from further liability, upon the guardian's "filing a new bond, in such amount, and with such sureties, as shall be approved by said court."

September 23, 1878, the defendant Emily Comet petitioned to be discharged from her trust and to have her bond discharged, filing her resignation as such guardian.

October 21, 1878, an order was entered by the probate judge, Hon. Rufus E. Phinney, that her resignation be accepted " upon the appointment of a new guardian, and the approval of his bond."

It does not appear at what time a new guardian was appointed, or when he filed his bond. And the evidence also shows that the plaintiff in this suit did not become of age until 1884, which fact brings her within the exception of the statute.

The circuit judge, therefore, properly advised the jury to find a verdict for the plaintiff for the amount of her claim as established upon the trial.

The judgment of the court below is affirmed, with costs.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. SHERWOOD, J., did not sit.