BROCKMAN v BROCKMAN

Docket No. 46268. Submitted June 4, 1981, at Detroit.—Decided
February 17, 1982. Leave to appeal applied for.

Robert L. Brockman, individually and on behalf of Art Brockman,
Inc., filed a complaint in Wayne Circuit Court seeking a declar-
atory judgment that he was the owner of a majority of the
shares of stock in Art Brockman, Inc., and seeking damages
arising out of a lease between Brockman Leasing, Inc., and Art
Brockman, Inc. Named as defendants were Arthur C. Brock-
man and Art Brockman, Inc. Brockman Leasing, Inc., was
added as a party defendant. The case was assigned to John H.
Hausner, J. In an attempt to avoid the delays caused by the
congested court docket, the parties stipulated to having former
circuit court judge Joseph A. Sullivan sit as an acting circuit
court judge to hear the disputes in the lawsuit. Judge Hausner
entered an order appointing former judge Sullivan to that
position. The order provided that Sullivan would hear the
testimony, consider the evidence and make findings of fact and
conclusions of law, that Judge Hausner would enter judgment
and any orders necessary or appropriate to put into effect
Sullivan's findings of fact and conclusions of law and that any
appeal from Sullivan's findings, rulings and judgment would be
to the Court of Appeals. Sullivan heard the evidence and
rendered his findings of fact and conclusions of law. Judge
Hausner entered judgment on the basis of Sullivan's two opin-
ions. Robert Brockman and Brockman Leasing, Inc., appealed.
Arthur C. Brockman and Art Brockman, Inc., cross-appealed.
Following oral argument in the Court of Appeals, the parties
were permitted to file briefs on the question of the authority of
former judge Sullivan to sit as a court and to make findings of
fact and conclusions of law. *Held:*

1. The constitutional and statutory authority to appoint
retired judges to perform judicial duties for limited periods or
special assignments is vested in the Supreme Court. A circuit

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 46 Am Jur 2d, Judges § 11.
[2] 46 Am Jur 2d, Judges §§ 241, 243.

court is without authority to appoint a retired judge to sit as a court in a civil action.

2. Since a circuit court judge is without authority to appoint an acting judge in a particular matter, a retired circuit judge so appointed cannot be considered to be a de facto judge, and the parties are not estopped from attacking the authority of such retired judge to act as a judge.

3. Under these circumstances a remand for the limited purpose of having the circuit court judge review the findings of fact and conclusions of law of the improperly appointed retired judge is inappropriate, since it is clear that the parties did not intend the person designated to sit as an acting circuit court judge to act merely as an arbitrator or mediator subject to circuit court review.

4. Appellate review of the merits as originally sought by the appellants is not appropriate under these circumstances.

Reversed and remanded.

1. JUDGES — APPOINTMENT OF JUDGES — CIRCUIT COURT JUDGES.

A circuit court judge is without either constitutional or statutory authority to appoint a retired judge or any other person to sit as a court in a civil action; the constitutional and statutory power to appoint those who have been elected and served as judges to perform judicial duties for limited periods or special assignments is vested in the Supreme Court (Const 1963, art 6, §§ 23, 27, MCL 600.225, 600.226, 600.8212; MSA 27A.225, 27A.226, 27A.8212).

2. JUDGES — DE FACTO JUDGES.

A judge or court which operated under a legislative act creating the position or court which was presumptively valid but which is thereafter determined to be invalid may be deemed to be a de facto judge or court; a person acting as a judge in the absence of a presumptively valid act authorizing such person to act as a judge cannot be deemed to be a de facto judge.

3. JUDGES — APPOINTMENT OF JUDGES — APPEAL.

A party who agrees to the appointment by a circuit judge of a retired judge to act as the judge in a matter is not estopped on appeal from attacking the authority of such retired judge to act as a judge under such circumstances.

4. APPEAL — JUDGES — APPOINTMENT OF JUDGES — JUDGMENTS.

Reversal and remand is required where a circuit court, on stipulation of the parties, appoints without authority a retired judge to act as a judge in the dispute and enters judgment on the

findings of the retired judge with the intent that such retired judge's findings and conclusions may be reviewed by the Court of Appeals.

*Bassey, Seleski, Couzens & Murphy, P. C.* (by *Joseph Falcone),* for Robert L. Brockman and Brockman Leasing, Inc.

*Irving M. Stahl,* for Arthur C. Brockman and Art Brockman, Inc.

Before: BRONSON, P. J., and D. C. RILEY and F. X. O'BRIEN,* JJ.

F. X. O'BRIEN, J. On October 29, 1978, plaintiff Robert Brockman filed a complaint in the Wayne County Circuit Court seeking, *inter alia,* a declaratory judgment that he was the owner of a majority of the shares of stock in Art Brockman, Inc. (ABI), and also seeking damages for what he alleged was the fair rental value of certain machinery with Brockman Leasing, Inc. (BLI), had leased to ABI. Defendant Arthur C. Brockman, plaintiff's father, denied that plaintiff was the majority shareholder in ABI and also asserted that any rental payments to which BLI was entitled were to be computed on the basis of a prior written rental agreement between BLI and ABI and not based upon the market rental value. The case was assigned to Judge John H. Hausner.

In an attempt to avoid the inevitable delays caused by the congested court docket, the parties stipulated to have Judge Hausner appoint former circuit court judge Joseph A. Sullivan, now a private practitioner, to sit as an acting circuit court judge to hear all of the disputes involved in the lawsuit. By order dated May 7, 1979, Judge

* Circuit judge, sitting on the Court of Appeals by assignment.

Hausner appointed former judge Sullivan to that position. The order also provided that the trial would be held in former judge Sullivan's law offices, that a court reporter would make a record of all proceedings held before him with regard to the lawsuit, that former judge Sullivan would hear the testimony, consider the evidence and make findings of fact and conclusions of law, and that Judge Hausner would enter the judgment and any orders necessary or appropriate to put into effect the findings and rulings of former judge Sullivan. Further, the order provided that "appeals from the findings, rulings, and judgment of [former] Judge Sullivan shall be identical to appeals from a final judgment of this Court and shall be to the Michigan Court of Appeals".

Trial commenced on May 8, 1979, and consumed a period of nine days over nearly a four-month span, terminating on August 24, 1979. At the conclusion of trial, former Judge Sullivan issued two written opinions, the first finding that plaintiff had failed to establish that he was the owner of a majority of the shares of stock in ABI, and the second finding that BLI would be entitled to damages based upon a prior written agreement which had established certain rates for the rental of BLI's equipment. On September 28, 1979, Judge Hausner entered a judgment putting those determinations into effect. On January 15, 1980, former judge Sullivan denied plaintiff's motion for a new trial and on January 30, 1980, Judge Hausner entered an order pursuant to that determination. Plaintiff and defendant BLI appealed as of right from the judgment and order denying his motion for new trial. Defendants Arthur C. Brockman and ABI cross-appeal.

At oral argument, plaintiff challenged, for the

first time, the authority of Judge Hausner and the parties to give former judge Sullivan the authority to sit as the court and to make findings of fact and conclusions of law. This Court granted the parties additional time in which to submit briefs on this issue. After a review of the arguments raised by both parties and the law of this state, this Court reluctantly agrees with plaintiff that no authority exists to justify the appointment of former judge Sullivan as an acting circuit court judge.

The Supreme Court is empowered by the Michigan Constitution to authorize persons who have been elected and have served as judges to perform judicial duties for limited periods or specific assignments. Const 1963, art 6, § 23. The Legislature has enacted certain statutes to allow the Court to implement that authority. MCL 600.226; MSA 27A.226. See also MCL 600.225, 600.8212; MSA 27A.225, 27A.8212. There are no constitutional or statutory provisions giving a circuit court judge the power to appoint a retired judge or any other person to sit as a court in a civil action. In fact, the constitution denies such authority. Const 1963, art 6, § 27. Thus, Judge Hausner was without any constitutional or statutory authority to appoint former judge Sullivan to sit as the court and try this matter.

Defendants Arthur C. Brockman and ABI advance three arguments in favor of their position that the court's judgment should be affirmed. They first argue that, because the Michigan Constitution and certain statutes give the Supreme Court the power to appoint a retired judge to perform legal duties and, thus, provide a mechanism by which a retired judge may be appointed, the fact that the appointment in the instant case was by a circuit judge is a "technical" problem only. The problem

is clearly not a mere technical one. The Supreme Court's authority is derived directly from the constitution and from statute. The circuit court is specifically denied such power by the constitution.

Within this argument, defendants Arthur C. Brockman and ABI also contend that former judge Sullivan, if not a de jure judge, was nonetheless a de facto judge. In support of this position, they cite *People v Townsend,* 214 Mich 267; 183 NW 177 (1921). A review of the *Townsend* decision and the cases cited by the Court therein reveals that to be deemed a de facto judge or court there must be a presumptively valid legislative act creating the position or the court. If the individual or the court performs duties under the act and the act is later determined to be invalid, the individual or the court will be deemed to have been a de facto officer or a de facto court. *Auditors of Wayne County v Benoit,* 20 Mich 176 (1870), *Attorney General v Lacy,* 180 Mich 329; 146 NW 871 (1914), *Gildemeister v Lindsay,* 212 Mich 299; 180 NW 633 (1920), *People v Kongeal,* 212 Mich 307; 180 NW 636 (1920). However, there is no statute, presumptively valid or otherwise, giving Judge Hausner the authority to appoint former judge Sullivan to sit as a judge. In the absence of any such authority, former judge Sullivan cannot be said to have been acting under the color of right as a duly appointed judge.

The second argument of defendants Arthur C. Brockman and ABI is that plaintiff should be estopped from challenging former judge Sullivan's authority because he proceeded to trial without raising any challenge. They contend that plaintiff has waived any challenge to former judge Sullivan's authority. They rely upon two Michigan Supreme Court decisions to support their position.

*Landon v Comet,* 62 Mich 80; 28 NW 788 (1886), *Gunn v Gunn,* 205 Mich 198; 171 NW 371 (1919). In *Landon,* a circuit judge, acting as a probate judge, conducted hearings and entered orders in the probate court although there was nothing in the record to indicate why he was acting as a probate judge. On appeal, his authority to so act was challenged. The Supreme Court held that because a statute had authorized a circuit judge to act as a judge of the probate court in certain specified cases and because he did act with the consent and acquiescence of the defendants, they could not challenge his authority on appeal. In the instant case, there is no statute giving Judge Hausner the authority to appoint or giving former judge Sullivan the authority to sit as a circuit judge.

In *Gunn,* a statute specifically provided that although a judge could not sit as a court in any cause in which he was related within the third degree of consanguinity to the attorneys of any party, any objection to the judge's ability to sit would be deemed waived unless a written objection was filed prior to the commencement of the trial or hearing. No objections were filed and, thus, by the very terms of the statute, any objection was waived. In the instant case, however, there is no statute authorizing former judge Sullivan's appointment and no provision waiving any challenge if not made prior to trial.

The third and final argument of defendants Arthur C. Brockman and ABI is that the case should be remanded solely for the purpose of having Judge Hausner review the findings and conclusions and enter a judgment thereon. All orders and the judgment in the instant case were entered by Judge Hausner, but reflected the find-

ings and conclusions of former judge Sullivan. This Court, however, does not perceive the defect to lie in how the orders and judgment were entered. The defect lies in the intent of the parties when they sought and received Judge Hausner's order pursuant to their stipulation.

If the parties agreed to a procedure by which a consent judgment could be reached with the assistance of former judge Sullivan as mediator, then appeal to this Court could not be "from the findings, rulings, and final judgment of Judge Sullivan". If the parties agreed to have their controversy resolved by arbitration, and the instant case does resemble statutory arbitration, MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.,* then the scope of this Court's review would be much less extensive than that contemplated by the parties. GCR 1963, 769.

It appears however that counsel, acting in the interests of their clients, attempted to avoid the serious business and economic consequences that could result from trial delay by having former judge Sullivan officially act as a circuit judge over their controversy. This Court concludes that Judge Hausner was without authority to appoint former judge Sullivan to sit as an acting circuit judge for the reasons previously stated. Appellate review as originally sought is denied.

Reversed and remanded.