CARSON FISCHER POTTS AND HYMAN v HYMAN

Docket No. 174351. Submitted June 19, 1996, at Detroit. Decided November 15, 1996, at 9:00 A.M.

Carson Fischer Potts and Hyman, a law firm, and Robert M. Carson, Joseph M. Fischer, and David W. Potts brought an action in the Oakland Circuit Court against J. Leonard Hyman, alleging breach of contract, conversion, breach of fiduciary duty, interference with contractual business relations, and fraud arising out of the departure of the defendant from the law firm. During the course of the litigation, the court, Rudy J. Nichols, J., appointed Leonard Miller, an attorney, as an expert witness "to make findings of fact, conclusions of law and a final recommendation and proposed judgment" concerning the disposition of the matter. The court's order further granted Miller the authority to hire Gary Leeman, a certified public accountant, to assist him. The parties later agreed to arbitration, and the arbitrator issued an award resolving the dispute. Before entry of the arbitration award, the court ordered the defendant to pay certain sums to the accounting firm of Leeman, Hollander and Associates and to Miller for services rendered pursuant to the order appointing Miller as an expert witness and to pay attorney fees and costs. The defendant appealed by leave granted, arguing that the trial court did not have the authority to appoint Miller as an expert witness where the duties and responsibilities assigned to him essentially made him a special master rather than an expert witness.

The Court of Appeals *held*:

1. Because the defendant, in two different motions, including the motion to disqualify the trial judge and Miller, raised the question of the trial court's authority to appoint Miller with the broad powers granted by the court's order, the question whether the trial court exceeded its authority by the appointment is properly preserved for appellate review. The fact that the trial court did not rule with respect to either of those motions does not preclude the defendant from pursing this appeal.

2. The trial court's order assigned to the expert witness the duties to make findings of fact and conclusions of law, to review all motions, to require the production of evidence, to issue subpoe-

nas through the court, to conduct and regulate miscellaneous proceedings, and to examine documents and witnesses and provided that if the expert's recommendation was adopted, the court would enter judgment in the same manner as if the action had been tried by the court. These clearly judicial functions cannot be delegated to an expert witness. A circuit court is without constitutional authority to delegate its judicial authority to an expert witness. Accordingly, because the court's order appointing the expert witness exceeded the authority implicit in MRE 706 by requiring the expert to perform duties outside the scope of the duties of an expert witness and within the responsibilities of a judge, the order appointing the expert witness must be vacated, and the order compelling the defendant to pay for the services of the expert witness and the designated assistant, rendered pursuant to the invalid appointment, must also be vacated.

Order compelling payment vacated.

M. E. KOBZA, J., concurring in part and dissenting in part, stated that while the trial court lacked constitutional authority to delegate judicial functions to an expert witness and exceeded its authority under the rules of evidence, the appropriate remedy is not to totally reverse the case, but rather to remand the case to take testimony in the case that would normally be allowed.

COURTS — WITNESSES — EXPERT WITNESSES — JUDICIAL FUNCTIONS.

A circuit court does not have authority under either the Michigan Constitution or the Michigan Rules of Evidence to appoint an expert witness with powers to exercise the judicial functions of making findings of fact and conclusions of law, reviewing motions made by parties, requiring the production of evidence, issuing subpoenas through the court, conducting proceedings, and making recommendations for judgment (Const 1963, art 6, §§ 1, 27; MRE 706).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Lawrence G. Campbell, Mary Beth Kelly* and *Bruce R. Byrd*), for the defendant.

Before: JANSEN, P.J., and REILLY and M. E. Kobza,* JJ.

JANSEN, P.J. Defendant, J. Leonard Hyman, appeals by leave granted from an April 13, 1994, order of the

* Circuit judge, sitting on the Court of Appeals by assignment.

Oakland Circuit Court compelling him to pay for the services of a court-appointed expert. We vacate the order.

This case arises from defendant's departure from plaintiff law firm on December 28, 1990. Plaintiffs filed suit in the Oakland Circuit Court, alleging breach of contract, conversion, breach of fiduciary duty, interference with contractual business relations, and fraud. In an order dated April 2, 1993 (during the course of the litigation), the trial court appointed attorney Leonard Miller as an expert witness "to make findings of fact, conclusions of law and a final recommendation and proposed judgment as to the disposition of this matter by August 31, 1993." Miller was given certain duties in the order, and he was given the authority to hire Gary Leeman, a certified public accountant, to assist him.

The parties later agreed to submit their dispute to binding arbitration. On May 24, 1994, the arbitrator issued an arbitration award, resolving the partnership dispute. On April 13, 1994, before the arbitration award was entered, the trial court entered an order compelling payment. Specifically, the trial court ordered defendant to pay $12,540 to the accounting firm of Leeman, Hollander and Associates for services rendered, $3,176 to Leonard Miller for services rendered, and a total of $2,400 for attorney fees and costs. Defendant then sought leave to appeal, which was granted by this Court on November 14, 1994. Defendant argues on appeal that the trial court did not have the authority to appoint Miller and Leeman as experts under MRE 706 or under the Michigan Constitution because the duties and responsibilities

assigned to them essentially made them special masters rather than expert witnesses.

First, we address the question whether the matter was waived for appellate review because defendant never objected to the order appointing Miller and Leeman as experts. In a motion dated December 1, 1993, defendant objected to the proposed first trial and scheduling order. The motion raised the issues that defendant raises on appeal. However, no praecipe appears to have been filed regarding this motion, and the docket sheet does not indicate that oral argument was ever presented to the trial court or that the trial court ever ruled with respect to this motion. Additionally, defendant filed a motion to disqualify the presiding judge and the court-appointed expert in a motion dated December 8, 1993. That motion also raised the same issues that defendant now argues on appeal. The trial court did not rule with respect to the motion.

We believe that the issues are properly preserved for appellate review. Defendant raised the issues below in motions, and he "should not be punished for the omission of the trial court." *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). Because defendant raised the issues below and is pursuing them on appeal, the issues are properly before this Court. *Id.* Moreover, this Court may review an issue if the question is one of law and the facts necessary for its resolution have been presented. *Brown v Drake-Willock Int'l, Ltd*, 209 Mich App 136, 146; 530 NW2d 510 (1995).

Defendant first argues that the trial court exceeded its permissible authority by delegating judicial authority to Miller and Leeman and that this delegation of

power violated the Michigan Constitution. The judicial branch is provided for in article 6 of our state constitution. Const 1963, art 6, § 1 provides:

> The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house.

Further, Const 1963, art 6, § 27 provides:

> The supreme court, the court of appeals, the circuit court, or any justices or judges thereof, shall not exercise any power of appointment to public office except as provided in this constitution.

In Michigan, judicial power is vested in the courts under our state constitution. *Johnson v Kramer Bros Freight Lines, Inc*, 357 Mich 254, 258; 98 NW2d 586 (1959). Although the Supreme Court is empowered by the Michigan Constitution to authorize persons who have been elected and have served as judges to perform judicial duties for limited periods or specific assignments, Const 1963, art 6, § 23, there are no constitutional or statutory authorities permitting a circuit court judge the power to appoint a retired judge or any other person to sit as a court in a civil action. *Brockman v Brockman*, 113 Mich App 233, 237; 317 NW2d 327 (1982). Rather, Const 1963, art 6, § 27 specifically prohibits such action. In *Brockman*, this Court held that a Wayne Circuit Court judge was without constitutional or statutory authority to appoint a former circuit court judge to sit as the court and try the matter. *Id.*, p 237.

In this case, the order appointing the expert witness purports to give the expert, under MRE 706, the power to "make findings of fact, conclusions of law and a final recommendation and proposed judgment as to the disposition of this matter by August 31, 1993." The expert was also given the duties to review all motions and submit findings of fact to the court before the scheduled hearing date, to require the production of evidence, to issue subpoenas through the court, to conduct and regulate miscellaneous proceedings, to examine documents and witnesses, and to prepare final findings of fact and recommendations for judgment. The order permitted the parties to file written objections to the final findings and recommendations and permitted the court to adopt the expert's recommendation and judgment, to modify the recommendation, or to refer the recommendation to the expert with further instructions.

We agree with defendant that there is no constitutional authority for the trial court to delegate specific judicial functions to an "expert witness." It is within the peculiar province of the judiciary to adjudicate upon and protect the rights and interests of the citizens and to construe and apply the laws. *Johnson, supra*, p 258. Thus, the trial court could not delegate its functions of making conclusions of law, reviewing motions, requiring the production of evidence, issuing subpoenas, conducting and regulating miscellaneous proceedings, examining documents and witnesses, and preparing final findings of fact. Although this is what the trial court's order purports to do, the court cannot appoint an expert witness to perform judicial functions. Accordingly, the trial court was without

constitutional authority to delegate its specific judicial power to an expert witness.

We also agree with defendant that the trial court's order is not in conformance with MRE 706. MRE 706 states in relevant part:

> (a) *Appointment.* The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

Although MRE 706 clearly gives the trial court the authority to appoint an expert witness, the trial court could not delegate its judicial authority to the expert witness.

Our Supreme Court has explained that the function of an expert witness is to supply expert testimony. This testimony includes opinion evidence, when a proper foundation is laid, and opinion evidence may embrace ultimate issues of fact. However, the opinion of an expert may not extend to the creation of new legal definitions and standards and to legal conclusions. *Downie v Kent Products, Inc,* 420 Mich 197, 205; 362 NW2d 605 (1984). Further, an expert witness

is not permitted to tell the jury how to decide the case. *People v Drossart*, 99 Mich App 66, 79; 297 NW2d 863 (1980). A "witness is prohibited from opining on the issue of a party's negligence or nonnegligence, capacity or noncapacity to execute a will or deed, simple versus gross negligence, the criminal responsibility of an accused, or [the accused's] guilt or innocence." *Id.*, pp 79-80. Therefore, it is error to permit a witness to give the witness' own opinion or interpretation of the facts because doing so would invade the province of the jury. *Id.*, p 80. An expert witness also may not give testimony regarding a question of law, because it is the exclusive responsibility of the trial court to find and interpret the law. *Charles Reinhart Co v Winiemko*, 444 Mich 579, 592; 513 NW2d 773 (1994).

In the present case, the trial court's order assigned to the expert witness the duties to make findings of fact and conclusions of law, to review all motions, to require the production of evidence, to issue subpoenas through the court, to conduct and regulate miscellaneous proceedings, and to examine documents and witnesses and provided that the expert would be called to testify only if objections were lodged in writing. If the expert's recommendation was adopted, the trial court would enter judgment in the same manner as if the action had been tried by the court. These duties are clearly judicial functions that cannot be delegated to an "expert witness." These duties given to the expert witness are outside the scope of the duties of an expert witness as authorized by MRE 706.

Accordingly, the trial court's order appointing an expert witness exceeded the authority implicit in

MRE 706 by requiring the expert to perform duties outside the scope of the duties of an expert witness and within the purview of a court. The order appointing the expert witness is therefore vacated because the trial court was without authority to delegate its judicial power to an expert witness. The order compelling payment is also vacated because the order is based on an unauthorized appointment. Defendant cannot be required to pay for the services of the expert witness in this case where the appointment was not authorized by law.

Because of our resolution regarding the trial court's order compelling payment, we need not address defendant's argument that the trial court should have first ruled on his motion to disqualify.

The trial court's order compelling payment is hereby vacated.

Reilly, J., concurred.

M. E. Kobza, J. (*concurring in part and dissenting in part*). I agree with the result of this case: the trial court exceeded its authority in appointing an expert who could "make findings of fact, conclusions of law and a final recommendation and proposed judgment as to the disposition of this matter by August 31, 1993." I agree with the portion of the opinion that declares that there is no constitutional authority for a trial court to delegate specific judicial functions to an expert witness. Furthermore, the constitution of this state reserves the power to decide all cases filed before the court system in this state to judges duly elected or appointed to those positions.

However, I disagree that this case should be totally reversed without an opportunity being given to the

trial court to provide a more suitable remedy in conformity with MRE 706. That rule, which has been quoted in the majority opinion, *ante* at 122, allows a trial court to appoint expert witnesses and take testimony for the court from those witnesses. Such witnesses are then subject to cross-examination by each party. While in this case the court exceeded the authority granted under the rules of evidence, I believe that can easily be remedied with the ability to salvage the work of the two experts who performed their duties at the request of the court. A more appropriate remedy, in my opinion, would simply be to remand the case to take the testimony in the case that would normally be allowed, specifically as it pertains to the experts in this case, to allow the experts to be subject to cross-examination, and to consider their evidence with all the other expert or lay testimony evidence presented to the court. The value of their efforts will not, therefore, be lost, nor will such a remedy destroy the concept that a court may draw upon experts to assist it, especially in cases where there is a significant amount of material that must be digested, analyzed, and synthesized so that it is in a more digestible form for the court. Trial courts are not experts in all areas of disciplines upon which testimony touches in many cases. The assistance of experts is always helpful, especially in those cases where opinions or conclusions drawn from the analysis of volumes of material are going to be critical to the court's decision.

The majority opinion, after stating that the function of an expert is to supply expert testimony, suggests that the analysis of the material that was undertaken in this case was comparable to the testimony given in

the cited cases that held that an expert is prohibited from telling a factfinder how to decide the case. Although those cases do indeed suggest that an expert is prohibited from telling the factfinder how to decide the case, I believe that is an overly narrow interpretation of the function that experts play. For example the majority states: "Therefore, it is error to permit a witness to give the witness' own opinion or interpretation of the facts because doing so would invade the province of the jury." *Ante* at 123. Although I agree in principle with that statement, it should be considered in conjunction with MRE 702, which provides:

> If the court determines that recognized, scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, *may testify therefore, in the form of an opinion or otherwise.* [Emphasis added.]

In medical malpractice cases, the function of an expert is to testify whether the actions of a defendant doctor have violated a standard of medical care of a physician practicing in that area. That conclusion or opinion has to be based on an analysis of all the other testimony, records, interrogatories, and evidence testified to at trial. In short, the expert is analyzing and opining concerning the same subject that the jurors will be required to determine. It is the expert's opinion concerning the interpretation of the facts that we are after, not the finding of those facts. As I understand this case, certain activities of the law firm were under scrutiny and those activities possibly would be better understood with the assistance of these two experts in synthesizing the material presented by the

parties. However, the experts should not, nor would they be permitted to, draw legal conclusions or factual conclusions based on those facts. Rather they can assist the trier of fact by their analysis and opinions.

It is in this sense, then, that I dissent from the final determination of the majority and would allow the case to be remanded for the trial court to utilize the experts, if it could, in a manner that is allowed under both MRE 706 and MRE 702. I do not believe this requires a determination on our part that none of their testimony should be used at this time. Rather, I believe it more appropriate to allow the court to admit the testimony with the guidance of this opinion, as set forth in the court rules. Therefore, I concur that the trial court has exceeded its authority under the court rules, but dissent from the disposition of the majority and would remand for preservation of that portion of that work performed by the two experts appointed by the court to assist the court in its job.