*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NADAGEKI CHIVIS, Minor, by Next Friend,
EDNA SHRINER,

        Plaintiff-Appellant,

v

CASS COUNTY PUBLIC TRANSIT and LINETTA
SMITH,

        Defendants-Appellees.

UNPUBLISHED
August 26, 2021

No. 351519
Cass Circuit Court
LC No. 18-000344-NI

Before: RONAYNE KRAUSE, P.J., and BECKERING and BOONSTRA, JJ.

BOONSTRA, J. (*concurring*).

I concur with the majority in reversing the trial court's order granting summary disposition in favor of defendant Cass County Public Transit (CCPT), and write separately to explain why. I am sensitive to CCPT's position that plaintiff's theory of the case has been a shifting one, i.e., that plaintiff's position in the trial court was that plaintiff was struck by CCPT's bus while plaintiff was standing in the grass, but that plaintiff now contends on appeal that CCPT is still liable for the allegedly negligent operation of the bus even if the impact occurred, as the trial court held as a matter of law (and this Court now affirms) in the roadway. Indeed, both parties did focus, in the trial court, on the location of the impact; not surprisingly, the trial court therefore focused its summary disposition ruling on addressing that issue.

Nonetheless, plaintiff's complaint does include allegations that defendant Linetta Smith, the bus driver, was operating the bus negligently and at an excessive rate of speed (such that CCPT could be found liable for her alleged negligence without regard to the location of the impact). Those assertions would seem to be undermined not only by much of the lay testimony in this case, but also by the testimony of plaintiff's own expert witness, Sergeant James Campbell, an accident reconstructionist. Sergeant Campbell opined that if, as the trial court and this Court have concluded, the impact occurred in the roadway, then plaintiff—not Smith or CCPT—would have been at fault; he testified that speed was not a factor and that Smith's perception-reaction time and braking ability were good, such that Smith could not have been expected to have stopped or reacted in time to avoid the impact. Of course, while expert witnesses may provide opinion testimony

when their specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, MRE 702, they may not opine as to legal definitions, conclusions or questions of law. *Lenawee Co v Wagley*, 301 Mich App 134, 160-161; 836 NW2d 193 (2013) (quotation marks and citation omitted). For example, an expert may not opine that, under the facts of a case at issue, a party is liable or not liable for negligence, or otherwise "tell the jury how to decide the case." *Carson Fischer Potts & Hyman v Hyman*, 220 Mich App 116, 123; 559 NW2d 54 (1996). But an expert's otherwise admissible testimony is not objectionable "merely because the determination of liability may turn on whether or not the jury believes or disbelieves the opinion." *Downie v Kent Products, Inc*, 420 Mich 197, 206; 362 NW2d 605 (1984). Therefore, while plaintiff's own expert's testimony is hurtful to plaintiff's case (and at a minimum will, I suspect, provide fodder for effective cross-examination), it is not itself dispositive with respect to the ultimate issue of "fault" or negligence.

So, the question we must address is whether plaintiff proffered evidence that is sufficient to raise a genuine issue of material fact (notwithstanding plaintiff's own expert's opinion on such factual issues as the speed at which the bus was traveling and Smith's braking ability and perception-reaction time) regarding whether, assuming the impact occurred in the roadway, Smith was operating the bus negligently. The record reflects a plethora of evidence supporting the view that Smith was not operating the bus negligently. This includes the testimony of multiple lay witnesses as well as, as noted, the testimony of plaintiff's own accident reconstructionist expert. The countervailing evidence consists of the testimony of a then-12-year-old SB, who testified, as the majority notes, that Smith could have avoided the impact by hitting her brakes or swerving into the lane of opposing traffic, and that Smith was exceeding the speed limit. Again, SB's testimony may or may not prove to be persuasive, and counsel for CCPT may be able to effectively challenge SB's credibility and the foundation for his testimony, given the contrary evidence and SB's youth and presumed inexperience as a driver. But, it has generally been held that child witnesses may give lay opinion testimony, including as to the speed of a car. See *Jenks v Ingham County*, 288 Mich 600, 607-608; 286 NW 93 (1939); *People v Fedderson*, 327 Mich 213, 220; 41 NW 527 (1950). See also MRE 701 ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.").[1]

Regardless, because the issues as presented in the trial court focused on the location of the impact, the trial court did not have occasion to address whether, assuming the impact occurred in the roadway, the evidence was sufficient to establish a genuine issue of material fact regarding whether Smith was operating the bus in a negligent manner. Of course, now that the issues have become narrowed and more focused (given our affirmance of the trial court's determination that

---

[1] A child witness must nonetheless be competent to testify. See *People v Watson*, 245 Mich App 572, 583; 629 NW2d 411 (2001); MRE 601 ("Unless the court finds after questioning a person that the person does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided by these rules.").

the impact occurred in the roadway), our ruling does not foreclose the trial court or the parties, on remand, from further addressing these or other issues[2] before or at trial.

For these reasons, I concur with the majority in affirming the trial court's determination that the impact occurred in the roadway, but in nonetheless reversing the order granting summary disposition in favor of CCPT and remanding for further proceedings in the trial court.


/s/ Mark T. Boonstra

---

[2] For example, the trial court has not yet addressed whether there was a genuine issue of material fact regarding whether plaintiff, who by some accounts was "playing chicken" in the roadway, was more than 50% at fault for this tragic incident.  MCL 500.3135(2)(b); MCL 600.2959.