BOARD OF COUNTY ROAD COMMISSIONERS OF BERRIEN COUNTY v. MARINELAND DEVELOPMENT COMPANY

1. VENUE — CHANGE OF VENUE — TIMELINESS OF MOTION — COURT RULES.

The time limitations within which a motion for change of venue must be brought are to be strictly enforced, and the right to change venue is waived if not moved for within the limitations imposed by the court rules.

2. VENUE — CHANGE OF VENUE — TIMELINESS OF MOTION — COURT RULES.

Motions for change of venue must be filed before or at the time the defendant files his answer unless the court is satisfied that the facts upon which the motion is based were not and could not with reasonable diligence have been known to the moving party until ten days before the motion, in which case a change of venue may be granted after the defendant files his answer (GCR 1963, 401, 402).

3. VENUE—CHANGE OF VENUE—TIMELINESS OF MOTION—ANSWER— GARNISHEE DEFENDANT—COURT RULES.

Garnishee defendant's answers to interrogatories and the transcript of oral examination shall be considered as an answer

---

REFERENCE FOR POINTS IN HEADNOTES

[1-3]  56 Am Jur, Venue § 61 *et seq.*

to the affidavit for a writ of garnishment, and any motion for change of venue by a garnishee defendant must be made before or at the time these disclosures are given (GCR 1963, 738.11[1], 401).

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 March 11, 1969, at Grand Rapids. (Docket No. 5,588.) Decided May 28, 1969.

Complaint by the Board of County Road Commissioners of Berrien County against Marineland Development Company, a Michigan corporation, to recover on a performance bond for defendant's failure to do certain work on the streets in its subdivision. Judgment for plaintiff. Plaintiff seeks writ of garnishment against James M. Thornton, Patrick K. Thornton, John J. Thornton, and Thomas R. Thornton. Garnishee defendants' motion for change of venue granted. Plaintiff appeals by leave granted. Reversed.

*Killian, Spelman & Taglia* (*Stuart F. Meek, Jr.,* of counsel), for plaintiff.

*A. G. Preston, Jr.,* for garnishee defendants.

BEFORE: McGregor, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J. Plaintiff obtained judgment April 10, 1967, against defendant corporation in Berrien county circuit court. In September, 1967, a writ of garnishment was issued against each of the garnishee defendants, residents of Houghton county, for the purpose of reaching money plaintiff claims is due defendant corporation for unpaid stock subscriptions. With the exception of John Thornton, who was never served, all of the gar-

nishee defendants had filed disclosures and had answered plaintiff's interrogatories by December 6, 1967.   No motion for change of venue was made on or before December 6, 1967.   A pretrial conference was held on February 2, 1968, at which time the trial judge gave garnishee defendants 45 days to file a motion to dismiss or to challenge the procedural rights claimed by plaintiff.   On February 21, 1968, garnishee defendants made a motion to dismiss and a motion for change of venue.   The trial court denied the motion to dismiss but granted the motion for change of venue, stating:

"Although such motion might have been made earlier, this court does not find that it was filed so untimely that it should be denied, especially when it is so obvious that venue in deciding the issues involved here really should be in Houghton county."

Plaintiff was granted leave to appeal, claiming the trial court was without authority to grant the motion.

Plaintiff argues that the General Court Rules of 1963 provide specific time limitations within which a motion for change of venue must be filed to prevent a waiver of the right to change venue.   Because garnishee defendants did not file their motion within the prescribed time period any right they may have had regarding a change of venue was waived.   Plaintiff argues further that if the trial judge possessed discretion to grant a change of venue after the expiration of the specified time period the General Court Rules of 1963 would so state, but since they do not, the trial judge was without authority to grant garnishee defendants' motion.

We agree with plaintiff's position.   GCR 1963, 409 states, "the right to change venue is waived if not moved for within the limitations imposed by these

rules". The committee notes following Rule 409 state:

"It cannot be emphasized too strongly that this rule is to be given strict enforcement. A motion for change of venue must be made within the time limitations imposed by Rules 401 and 402, *supra*. Failure to comply results in a complete and total waiver of the venue objection. Venue should be determined early in the case in order that the parties can direct their attention to the merits of the case. If a challenge is not made within the time prescribed herein, the right to challenge should be waived. All circuit courts have jurisdiction to proceed."

The rule and committee notes do not state that it is within the discretion of a trial court to change venue at any stage of the proceedings; the rule and committee notes state that there will be a total waiver of the right to change venue if the motion is not made within the time limitations of Rules 401 and 402.

GCR 1963, 401 provides that the "motion for change of venue shall be filed before or at the time the defendant files an answer". GCR 1963, 402 provides that "a change of venue may be granted after the defendant files his answer upon a deferred motion if the court is satisfied that the facts upon which the deferred motion is based were not and could not with reasonable diligence have been known to the defendant until 10 days prior to the motion". Rule 402 does not apply in this case. Garnishee defendants' reasons for their motion were convenience and expense. In view of the fact that they were the sole stockholders, officers and directors of defendant corporation, it can hardly be said that garnishee defendants were unaware until 10 days prior to the filing of the motion that venue in Berrien county could be less convenient and more expensive

for them.   The motion was not based, nor did the trial judge in his opinion rely, on Rule 402.

What constitutes an answer in a garnishment proceeding is determined by the provisions of GCR 1963, 738.11(1) which says in part:

"The affidavit for the garnishment writ shall be considered a complaint by the plaintiff against the garnishee as defendant. * * * If interrogatories are served or oral examination demanded, the disclosure, the answers to the interrogatories, and the transcript of the examination shall be considered as an answer to the affidavit."

Accordingly, under Rules 401 and 409, garnishee defendants had to make a motion for change of venue by December 6, 1967, when the last "answer" was filed. Although garnishee defendants had ample opportunity, they did not raise the question of venue in the timely manner prescribed, and thus waived their rights to change of venue.

The trial court did not have the authority to grant a change of venue.   The case is remanded to the Berrien county circuit court for further proceedings.   Costs to appellant.

All concurred.