DAVIS v GREAT AMERICAN INSURANCE COMPANY

Docket No. 71424. Submitted February 23, 1983, at Detroit.—Decided August 20, 1984.

Plaintiffs, Lillie and Cleow Davis, obtained a default judgment against one of defendant's, Great American Insurance Company, insureds. Prior to entry of the default judgment against defendant's insured, defendant had refused its insured's request to defend and indemnify the insured in connection with plaintiffs' suit, and defendant's insured then entered into a written agreement with plaintiffs assigning any and all rights the insured had against defendant under the insurance policy. After entry of the default judgment against the insured, plaintiffs brought suit in Wayne Circuit Court against defendant alleging as assignee of the insured and as a third-party beneficiary that defendant had breached its contractual duty under the insurance policy by refusing to pay the judgment and alleging that defendant breached its statutory duties under the Uniform Trade Practices Act. The case was transferred to the Oakland Circuit Court. Plaintiffs moved for summary judgment and the court, James S. Thorburn, J., denied the motion and sua sponte dismissed plaintiffs' suit on the ground that plaintiffs' sole remedy was a garnishment proceeding against defendant. Plaintiffs appealed. *Held:*

1. A judgment creditor who has a valid assignment of an insured's cause of action for alleged wrongful refusal to defend or settle a claim may institute a direct action against the insurer.

2. A judgment creditor may maintain an action against the judgment debtor's insurer to enforce the insurance contract under the third-party beneficiary statute and may pursue any

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance § 1404.

Assignability of insured's right to recover over against liability insurer for rejection of settlement offer. 12 ALR3d 1158.

[2] 44 Am Jur 2d, Insurance §§ 1735, 1736.

[3] 73 Am Jur 2d, Summary Judgment §§ 18, 26.

[4] 77 Am Jur 2d, Venue §§ 73, 74, 78.

claims of breach of statutory duty he may have against the insurer under the Uniform Trade Practices Act.

3. A motion for a change of venue is timely if filed before or at the time of filing an answer. Defendant brought a claim of improper venue up first in its answer. Where improper venue is pleaded as a defense in an answer, it should be treated as though a motion for a change of venue had been filed.

Affirmed as to the change of venue, reversed as to the dismissal of plaintiffs' claims, and remanded.

1. INSURANCE — ACTIONS — DEBTOR AND CREDITOR — ASSIGNMENT OF INSURED'S CAUSE OF ACTION.

A judgment creditor who has a valid assignment of an insured's cause of action for alleged wrongful refusal to defend or settle a claim may institute a direct action against the insurer.

2. INSURANCE — ACTIONS — CONTRACTS — THIRD-PARTY BENEFICIARIES — UNIFORM TRADE PRACTICES ACT.

A judgment creditor may maintain an action against the judgment debtor's insurer to enforce the insurance contract under the third-party beneficiary statute and may pursue any claim of breach of statutory duty he may have against the insurer under the Uniform Trade Practices Act (MCL 500.2001 *et seq.,* 600.1405; MSA 24.12001 *et seq.,* 27A.1405).

3. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — AFFIDAVITS — COURT RULES.

A motion for summary judgment for the reason that except as to damages there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law must be supported by an affidavit made on the personal knowledge of a person who could competently testify to the facts averred (GCR 1963, 116.4, 117.3).

4. MOTIONS AND ORDERS — CHANGE OF VENUE — TIMELINESS.

A motion for a change of venue is timely if filed before or at the time of filing an answer; where improper venue is pleaded as a defense in an answer, it should be treated as though a motion for a change of venue had been filed (GCR 1963, 401).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Nicholas J. Rine),* for plaintiff.

*Law Offices of Sopt & Gorny* (by *David J. Navarre),* for defendant.

Before: D. E. Holbrook, Jr., P.J., and Mac-Kenzie and E. A. Quinnell,* JJ.

Per Curiam. Plaintiffs obtained a default judgment for $45,000 against a person to whom defendant has issued a homeowner's insurance policy providing personal liability coverage up to $50,000. Prior to entry of the default judgment against defendant's insured, defendant had refused its insured's request to defend and indemnify the insured in connection with plaintiffs' suit, and defendant's insured then entered into a written agreement with plaintiffs assigning to the latter any and all rights the insured had against defendant under the insurance policy. After entry of the default judgment against the insured, plaintiffs brought suit in Wayne County Circuit Court against defendant alleging as assignee of the insured and as a third-party beneficiary that defendant had breached its contractual duty under the insurance policy by refusing to pay the judgment, and alleging that defendant breached its statutory duties under the Uniform Trade Practices Act, MCL 500.2001 et seq.; MSA 24.12001 et seq.

Pursuant to defendant's motion for a change of venue, an order was entered by the Wayne County Circuit Court judge transferring the case to Oakland County Circuit Court. Plaintiffs subsequently moved for summary judgment under GCR 1963, 117.2(3) against defendant, and the Oakland County Circuit Court judge entered an order denying plaintiffs' motion and furthermore sua sponte dismissing plaintiffs' suit on the ground that plaintiffs' sole remedy was a garnishment proceeding against defendant. From that order, plaintiffs appeal as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

With respect to that part of the court's order dismissing plaintiffs' suit, we agree with plaintiffs that the court erred. It is true that plaintiffs could have brought a garnishment proceeding against defendant in order to satisfy their judgment, which was within policy limits. *Meirthew v Last,* 376 Mich 33, 39-40; 135 NW2d 353 (1965); *Rutter v King,* 57 Mich App 152, 171; 226 NW2d 79 (1974); MCL 500.3006; MSA 24.13006; GCR 1963, 738. However, the lower court erred in determining that plaintiffs' sole remedy was garnishment. Historically, garnishment was unknown to the common law and was a remedy created by statute. 10A Callaghan's Michigan Pleading & Practice (2d ed), § 75.01, p 226. Garnishment as a means of obtaining satisfaction of a judgment is not an exclusive remedy. See 6 Am Jur 2d, Attachment and Garnishment, § 4, pp 562-563. There is no indication in either the statute conferring the power of garnishment to the circuit courts, MCL 600.4011; MSA 27A.4011, or the court rule governing garnishment, GCR 1963, 738, that garnishment is an exclusive remedy precluding any other actions which might be brought for the purpose of satisfying a judgment.

Indeed, this Court has previously recognized that judgment creditors having a valid assignment from the judgment debtor insured may bring a direct action against the insurer for breach of contract of the insurance policy. *Ward v DAIIE,* 115 Mich App 30; 320 NW2d 280 (1982). In *Ward, supra,* the plaintiff had been awarded a default judgment against the insured in an amount within policy limits and brought a garnishment proceeding against the insurer. However, the plaintiff failed to contest the garnishee insurer's disclosure, resulting in discharge of the garnishee insurer and

dismissal of the garnishment proceeding. The plaintiff in *Ward* subsequently acquired an assignment of the insured's rights under the policy and brought a breach of contract action against the insurer, and this Court held that the doctrine of res judicata did not bar the plaintiff as assignee of the insured's rights from maintaining a breach of contract action against the insurer. In so holding, this Court in *Ward* clearly acknowledged the existence of such a breach of contract action by a judgment creditor as assignee against an insurer as a remedy in addition to garnishment.

In the present case, plaintiffs alleged breach of contract by defendant, both as assignee of the insured's rights and as a third-party beneficiary of the insurance contract, and alleged that defendant violated the Uniform Trade Practices Act. Clearly, under *Ward, supra,* plaintiffs were entitled to bring a breach of contract action against defendant as valid assignees of the insured's rights. We further find that, irrespective of the assignment, plaintiffs are also entitled to pursue their claim that they are third-party beneficiaries of the insurance contract entitled to enforce the contract under the third-party beneficiary statute, MCL 600.1405; MSA 27A.1405, and to pursue any claims they may have against defendant under the Uniform Trade Practices Act, MCL 500.2001 *et seq.;* MSA 24.12001 *et seq.* However, we need not determine whether plaintiffs are valid assignees, whether plaintiffs are third-party beneficiaries under the statute, or whether plaintiffs have any claim against defendant under the Uniform Trade Practices Act—issues not reached by the lower court. We hold only that the availability of garnishment as a remedy does not preclude plaintiffs from seeking satisfaction of their judgment

through a direct action against defendant, and the lower court erred in determining that plaintiffs' sole remedy was garnishment.

Plaintiffs also challenge that part of the court's order denying plaintiffs' motion for summary judgment brought under GCR 1963, 117.2(3). At the hearing on plaintiffs' motion, the court stated that plaintiffs' motion was defective for failure to attach an affidavit signed by a person competent to testify. The only affidavit attached to plaintiffs' motion was one signed by plaintiffs' attorney. An attorney affidavit submitted upon information and belief is inadequate as it fails to comply with the requirement that the supporting affidavit be sworn to by a person having personal knowledge of and competent to testify to the facts averred. GCR 1963, 117.3, 116.4; *Jones v Shek,* 48 Mich App 530, 532; 210 NW2d 808 (1973); *Allstate Ins Co v Beauregard,* 119 Mich App 103, 107; 326 NW2d 439 (1982). Here, however, the affidvit submitted by plaintiffs' attorney averred that, based on his personal knowledge, the documents attached to the motion were true and accurate copies of the original amended complaint, default, and order of judgment entered in plaintiffs' suit against defendant's insured. Hence, the affidavit was based on plaintiffs' attorney's personal knowledge and contained only averments to which plaintiffs' attorney could competently testify. The affidavit was not inadequate for purposes of complying with GCR 1963, 116.4. *Jacobs v Michigan Mutual Ins Co,* 106 Mich App 18, 20; 307 NW2d 693 (1981); *Witucke v Presque Isle Bank,* 68 Mich App 599, 604, fn 2; 243 NW2d 907 (1976), *lv den* 397 Mich 842 (1976).

While we find that the court erred in denying plaintiffs' motion on the ground that the affidavit was inadequate, we do not suggest that plaintiffs

are necessarily entitled to summary judgment. Whether plaintiffs have met the GCR 1963, 117.2(3) requirements of showing that no genuine issue of any material fact exists and that they are entitled to judgment as a matter of law is a matter which was never reached by the lower court, and which we decline to address in the absence of a determination by the lower court. *Sturgis Savings & Loan Ass'n v Italian Village, Inc,* 81 Mich App 577, 583; 265 NW2d 755 (1978); *Szyszkoski v Lansing,* 64 Mich App 94, 96; 235 NW2d 72 (1975). We reverse that part of the court's order denying plaintiffs' motion for summary judgment and on remand the court should give further consideration to plaintiffs' motion.

Plaintiffs' final claim on appeal is that the Wayne County Circuit Court erroneously granted defendant's motion to change venue to Oakland County Circuit Court. Plaintiffs argue that the change of venue was improper because defendant did not file its motion to change venue until after it filed its answer to the complaint, rendering defendant's motion a deferred motion for change of venue subject to GCR 1963, 402, and therefore the court improperly granted the motion since defendant failed to show that the facts upon which its motion was based "were not and could not with reasonable diligence have been known to the defendant until 10 days prior to the motion", GCR 1963, 402. This claim is without merit. Defendant in its answer did assert lack of proper venue as an affirmative defense, although the motion itself was not filed until seven days after defendant filed its answer. In 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 265, it is stated that if improper venue is pleaded as a defense in the answer, "it should be treated as though a

motion for change of venue had been filed". Consequently, we hold that, since defendant pleaded lack of proper venue as a defense in its answer, its motion for change of venue subsequently filed should be treated as if it had been filed at the time of defendant's answer and hence as a timely motion brought under GCR 1963, 401. As such, it was not necessary for defendant to show that the factual basis for the motion could not with reasonable diligence have been known until ten days prior to the motion. GCR 1963, 401. The order changing venue is affirmed.

Affirmed in part, reversed in part, and remanded. No costs, neither party having fully prevailed.