### BURSLEY v FUKSA

Docket No. 95026. Submitted November 4, 1987, at Lansing. Decided
December 8, 1987.

Isaac D. Bursley, as personal representative of the estate of Amy
Jo Bursley, deceased, brought a wrongful death action in Ing-
ham Circuit Court against George Fuksa, M.D., George Fuksa,
M.D., P.C., and others. Dr. Fuksa and his professional corpora-
tion (hereafter defendants) filed an answer and raised improper
venue as an affirmative defense. After discovery commenced,
defendants filed a motion for change of venue, admitting that
venue was proper in Ingham County but claiming that venue
would be more convenient in Eaton County where most of the
witnesses resided or worked. The trial court, Peter D. Houk, J.,
granted the motion and denied a subsequent motion for recon-
sideration. Plaintiff sought and was granted leave to appeal.

The Court of Appeals *held:*

A motion for a change of venue properly laid must be filed
before or at the time the defendant files an answer or, if filed
after the answer as in this case, within fourteen days of the
date when the facts on which the motion is based were known
or with reasonable diligence could have been known to the
moving party. In this case, defendants knew or should have
known of the facts on which their motion for a change of venue
was based more than fourteen days before the date when they
filed their motion. Defendants thus had waived their right to
object to venue and the trial court should not have granted a
change of venue.

Reversed and remanded for trial.

1. VENUE — CHANGE OF VENUE — COURT RULES.

A trial court where venue is properly laid may order a change of
venue only upon a motion by either party, and not on its own

REFERENCES

Am Jur 2d, Venue §§ 45-47, 51, 73.

Prohibition or mandamus as appropriate remedy to review ruling
on change of venue in civil case. 93 ALR2d 802.

Construction and effect of statutory provision for change of venue
for the promotion of the convenience of witnesses and the ends of
justice. 74 ALR2d 16.

initiative, for the convenience of the parties or witnesses or when an impartial trial cannot be had where the action is pending (MCR 2.222).

2. VENUE — CHANGE OF VENUE — COURT RULES.

A motion for a change of venue properly laid, in order to be timely, must be filed before or at the time the defendant files an answer or, if filed after the answer, within fourteen days of the date when the facts on which the motion is based were known or with reasonable diligence could have been known to the moving party; an objection to venue is waived if it is not timely raised (MCR 2.222).

*Farhat, Story & Kraus, P.C.* (by *D. Michael Dudley* and *Kitty L. Groh*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *George M. Brookover* and *Scott L. Mandell*), for defendants George Fuksa, M.D., and George Fuksa, M.D., P.C.

Before: CYNAR, P.J., and SAWYER and J. A. GILLIS,* JJ.

CYNAR, P.J. Plaintiff appeals by leave granted from a July 2, 1986, order changing venue from Ingham County to Eaton County and from an August 19, 1986, order denying plaintiff's motion to reconsider the change of venue. We reverse and remand.

On November 5, 1985, Isaac D. Bursley, personal representative of the estate of Amy Jo Bursley, deceased, filed a wrongful death action in Ingham County alleging inter alia that, as a result of the negligent administration of anesthetic agents, on December 27, 1984, Amy Jo Bursley, age ten, died at Hayes-Green-Beach Hospital (located in Eaton County) while undergoing a minor surgical procedure, an excision of a ganglion on her right wrist.

The complaint set forth numerous allegations of

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

negligence and malpractice against defendant George Fuksa, M.D., the treating physician. The complaint also alleged liability on the part of George Fuksa, M.D., P.C. (professional corporation), for negligent acts and omissions of employees and actionable negligence on the basis of the professional corporation's failure to provide competent physicians and staff to adequately treat the deceased. The complaint also alleged negligence, malpractice and products liability against the other defendants.

All of the defendants filed their answers to the complaint in November and December, 1985. Dr. Fuksa and his professional corporation filed affirmative defenses on December 19, 1985, alleging that venue was improper in Ingham County. Dr. Fuksa and his professional corporation maintain offices and do business in Ingham County. The professional corporation also maintains its registered office in Ingham County.

After discovery commenced, defendant Fuksa and his professional corporation filed a motion for change of venue on April 16, 1986. They admitted that venue was proper in Ingham County. However, they claimed that venue in Ingham County was inconvenient for the vast majority of witnesses since many of the witnesses would be from Eaton County. Dr. Fuksa and his professional corporation stated that they discovered on December 30, 1985, that venue in Ingham County was inconvenient based on the interrogatory answers filed by defendant Cheryl Humenik, who identified eighteen prospective witnesses, fourteen of whom are located in Eaton County.

On April 23, 1986, plaintiff filed an answer in opposition to the motion for change of venue. Plaintiff opposed the motion under MCR 2.221(B), which requires any change of venue motion, in

order to be timely, to be filed within fourteen days of the time that the facts upon which the motion are based become known to the moving party, or could have become known through reasonable diligence. Plaintiff argued that defendants' motion should have been filed within fourteen days from December 20, 1985, the date when defendant Humenik filed her interrogatory answers. In addition, plaintiff contended that defendants' failure to comply with the requirements of MCR 2.221(B) resulted in an absolute bar (as provided in MCR 2.221[C]) to objecting to venue on the basis of inconvenience to the parties.

Defendant Humenik filed a brief in support of the motion on May 5, 1986. Defendant BOC Group, Inc., doing business as Ohio Medical Products, filed an answer opposing a change in venue. Defendant hospital orally supported the motion at the May 7, 1986, hearing on the venue motion, having changed its opposition to the motion just the previous day. The trial court granted a change of venue to Eaton County on the basis that a minimum disruption of the hospital would occur if the trial was held in Eaton County.

On May 8, 1986, defendant doctor and his professional corporation submitted a proposed order changing venue. Plaintiff filed written objections to the proposed order on May 13, 1986.

Subsequently, on June 19, 1986, plaintiff moved for reconsideration of the change of venue. Plaintiff alleged that the trial court exceeded its authority under the court rule in granting an untimely motion and clearly erred and abused its discretion in determining inconvenience. Further, plaintiff advised the court that, through additional discovery, plaintiff had new evidence which revealed that Ingham County was more convenient.

A hearing on plaintiff's written objections to the

proposed order took place on July 2, 1986. Following the hearing, the court entered the July 2, 1986, order changing venue to Eaton County.

Thereafter, on July 17, 1986, the trial court ordered defendants to file written responses to plaintiff's reconsideration motion within twenty-one days. All defendants complied. On August 19, 1986, the court issued an opinion and order denying plaintiff's motion for reconsideration on the basis that the court no longer possessed subject-matter jurisdiction over the case once it had entered the change of venue order.

On September 8, 1986, plaintiff filed with this Court an application for leave to appeal. Leave was granted on November 3, 1986. On December 22, 1986, this Court also granted plaintiff's motion for a stay of enforcement of the order changing venue. The only defendants who filed an appellate brief are Dr. Fuksa and his professional corporation.

Plaintiff asserts three grounds for reversal of the trial court's July 2, 1986, and August 19, 1986, orders, one of which is meritorious and dispositive. First, plaintiff contends that defendants have unconditionally waived the right to object to venue pursuant to MCR 2.221(C) because defendants did not bring a timely motion for change of venue as required by MCR 2.221(B). We agree.

There is no dispute that venue is proper in Ingham County since Dr. Fuksa and his professional corporation conduct business there and the corporation's registered office is also located in Ingham County. See MCL 600.1621(a); MSA 27A.1621(a).

Where venue is proper, either party may request a change of venue on the following grounds:

(A) Grounds. The court may order a change of

venue of a civil action, or of an appeal from an order or decision of a state board, commission, or agency authorized to promulgate rules or regulations, for the convenience of parties and witnesses or when an impartial trial cannot be had where the action is pending. In the case of appellate review of administrative proceedings, venue may also be changed for the convenience of the attorneys. [MCR 2.222(A).]

The trial court may change venue only on motion of a party, and not on its own initiative. MCR 2.222(B).

MCR 2.221 sets forth the requirements for motions for change of venue:

(A) Time to File. A motion for change of venue must be filed before or at the time the defendant files an answer.

(B) Late Motion. Untimeliness is not a ground for denial of a motion filed after the answer if the court is satisfied that the facts on which the motion is based were not and could not with reasonable diligence have been known to the moving party more than fourteen days before the motion was filed.

(C) Waiver. An objection to venue is waived if it is not raised within the time limits imposed by this rule.

The predecessors to MCR 2.221 were GCR 1963, 401, 402, and 409. Rule 402 provided:

A change of venue may be granted after the defendant files his answer upon a deferred motion if the court is satisfied that the facts upon which the deferred motion is based were not and could not with reasonable diligence have been known to the defendant until 10 days prior to the motion. [GCR 1963, 402.]

The only significant difference between the old and

the new rule is that the new rule affords litigants fourteen instead of ten days to file the motion for change of venue after the facts which form the basis of the motion were known or could have been known with reasonable diligence. For purposes of our analysis, we will discuss cases interpreting the old rule. The rules for changing venue have been strictly enforced by this Court. In *Berrien Co Bd of Rd Comm'rs v Marineland Development Co,* 17 Mich App 503, 506; 169 NW2d 682 (1969), this Court stated that a trial court does not possess discretion to change venue at any stage of the proceedings. A total waiver of the right to change venue takes place if the motion is not made within the time limitations of Rules 401 and 402. In the foregoing case, this Court held that defendants' motion for change of venue was untimely because they knew more than ten days prior to filing the motion that venue was less convenient and more expensive in Berrien County. *Id.,* 506.

Similarly, in *Brown v Hillsdale Co Rd Comm,* 126 Mich App 72, 79; 337 NW2d 318 (1983), lv den 418 Mich 898 (1983), this Court held that the right to change venue is waived if not moved for within the time limits imposed by Rules 401 and 402.

In our case, defendant doctor and his professional corporation did not meet the time limit as prescribed in MCR 2.221(B) since these defendants were aware as early as December 30, 1985 (date when defendant Humenik submitted her answers to plaintiff's interrogatories) that many of the witnesses resided or worked in Eaton County. Dr. Fuksa and his professional corporation should have submitted their venue motion much earlier than April 16, 1986. The failure to do so effectively waived any right to file a change of venue motion. MCR 2.221(C).

In addition, although one panel, *Davis v Great American Ins Co,* 136 Mich App 764; 357 NW2d 761 (1984), held that a venue claim is timely filed if improper venue is pleaded as a defense in a defendant's answer, we decline to follow that panel's interpretation of GCR 1963, 401, now MCR 2.221(A). The language of rule 2.221(A) clearly requires a *motion for change of venue* to be filed at or before the time the defendant files an answer. We disagree with the *Davis* panel's construction that since improper venue is pleaded as a defense "it should be treated as though a motion for change of venue had been filed." *Davis, supra,* 770-771, citing 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 265. The language of the court rule does not support such an interpretation. Thus, even though defendant doctor and his professional corporation raised improper venue as an affirmative defense, we decline to treat that as though a motion for change of venue had been filed.

In conclusion, because defendant's motion for change of venue was untimely, the trial court had no authority to determine whether a change of venue was warranted on the basis of convenience. Defendants' motion should have been dismissed. Because we are reversing on the basis that the change of venue motion was untimely, we decline to consider any of the remaining issues on appeal.

Reversed and remanded for trial.